# **EXHIBIT A**

# 24-2111

### In the United States Court of Appeals
FOR THE SECOND CIRCUIT

ADVANCE STORES COMPANY, INC., d/b/a ADVANCE AUTO PARTS,

*Petitioner*,

v.

HUGH BIRTHWRIGHT,

*Respondent.*

On Appeal from the United States District Court
for the Eastern District of New York,
No. 2:22-cv-00593, Hon. Gary R. Brown

**BRIEF OF THE RETAIL LITIGATION CENTER, INC., THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, THE NATIONAL FEDERATION OF INDEPENDENT BUSINESS, INC., THE NATIONAL RETAIL FEDERATION, THE RESTAURANT LAW CENTER, THE NEW YORK STATE RESTAURANT ASSOCIATION, THE BUSINESS COUNCIL OF NEW YORK STATE, THE BUSINESS COUNCIL OF WESTCHESTER, AND THE RETAIL COUNCIL OF NEW YORK STATE AS *AMICI CURIAE* IN SUPPORT OF THE PETITION FOR INTERLOCUTORY APPEAL**

**MORGAN, LEWIS & BOCKIUS LLP**
Stephanie Schuster
1111 Pennsylvania Avenue, NW
Washington, DC 20004
202.373.6595
stephanie.schuster@morganlewis.com

## **TABLE OF CONTENTS**

INTEREST OF *AMICI CURIAE* ................................................................................1

INTRODUCTION .....................................................................................................3

ARGUMENT .............................................................................................................4

      I.     Interlocutory Appeal Is Necessary To Ensure Consistent Decisions Among The Distrcit Courts ...........................................................................4

      II.    The Stakes Are High For All Employers, But Especially Small Businesses ........................................................................................7

CONCLUSION ........................................................................................................12

# **TABLE OF AUTHORITIES**

**CASES**

*Birthwright v. Advance Stores Co.*,
   2024 WL 3202973 (E.D.N.Y. 2024) ...................................................................5

*Coley v. Vannguard Urban Improvement Ass'n*,
   2018 WL 1513628 (E.D.N.Y. 2018) ...................................................................4

*Espinal v. Sephora, Inc.*,
   2022 WL 16973328 (S.D.N.Y. 2022) .................................................................5

*Espinal v. Sephora, Inc.*,
   2024 WL 3589604 (S.D.N.Y. 2024) ..............................................................5, 10

*Grant v. Global Aircraft Dispatch, Inc.*,
   223 A.D.3d 712 (2d Dep't 2024) ........................................................................5

*Hussain v. Pak. Int'l Airlines*,
   2012 WL 5289541 (E.D.N.Y. 2012) ...................................................................4

*In re Vebeliunas*,
   332 F.3d 85 (2d Cir. 2003) ..................................................................................4

*Vega v. CM & Assocs. Constr. Mgmt.*,
   175 A.D.3d 1144 (1st Dep't 2019) ......................................................................4

*Williams v. Miracle Mile Props. 2 LLC*,
   2022 WL 1003854 (E.D.N.Y. 2022) .................................................................10

**STATUTES & REGULATIONS**

22 N.Y.C.R.R. § 500.27(a) .....................................................................................11

28 U.S.C. § 1292(b) .................................................................................................3

N.Y. C.P.L.R. § 901(b) ............................................................................................5

N.Y. Lab. Law § 190(4) .........................................................................................11

N.Y. Lab. Law § 191 ................................................................................................3

N.Y. Lab. Law § 191(a)(ii) ......................................................................................9

N.Y. Lab. Law § 198(1-a) ................................................................................... 4

N.Y. Lab. Law § 198(3) ...................................................................................... 7

**OTHER AUTHORITIES**

Empire State Development, Annual Report
  on the State of Small Businesses (2020) ........................................................ 8

Keshia Clukey, *Century-old New York State Weekly Pay Law Sparking
  Contentious Legal Battle*, NEWSDAY (June 23, 2024) ........................................ 8

U.S. Bureau of Labor Statistics, *Current Employment Statistics, Length of Pay
  Periods in the Current Employment Statistics Survey* (May 3, 2021) ................ 10

## INTEREST OF *AMICI CURIAE*

*Amici* are trade and business associations representing members who collectively employ hundreds of thousands of workers in New York.[1] They have a unique perspective, based on their members' first-hand experiences, on why the legal issues in this case have enormous practical significance for employers across many industries and merit immediate appellate review. *Amici* include:

- The Retail Litigation Center, Inc.—the only trade organization solely dedicated to representing the U.S. retail industry in the courts and whose members collectively employ millions of workers throughout the country, including in New York.

- The Chamber of Commerce of the United States of America—the world's largest business federation.

- The National Federation of Independent Business, Inc.—the nation's leading small business association.

- The National Retail Federation—the world's largest retail trade association and the voice of retail worldwide.

---

[1] Pursuant to Rule 29(a)(4)(E), *Amici* state that no party's counsel authored this brief in whole or in part, and no party, party's counsel, or other person (other than *Amici*, their members, or their counsel) contributed money that was intended to fund preparing or submitting this brief.

- The Restaurant Law Center—the only independent public policy organization created specifically to represent the interests of the labor-intensive food service industry in the courts.

- The New York State Restaurant Association—a not-for-profit employer association representing over 10,000 food service establishments throughout New York State since 1935.

- The Business Council of New York State, Inc.—the leading business organization in New York State, representing the interests of large and small firms throughout the state, whose members collectively employ more than 1.2 million New Yorkers.

- The Business Council of Westchester is the county's largest and most prestigious business membership organization representing more than 1,000 members, including entrepreneurs and companies of all sizes.

- The Retail Council of New York State is the leading statewide trade association representing thousands of stores.

2

## INTRODUCTION

This is the quintessential case for interlocutory appeal. The prerequisites to appellate jurisdiction under 28 U.S.C. § 1292(b) are present here. Whether Plaintiff and the putative class have a right of action for alleged technical violations of N.Y. Labor Law § 191, which requires that "manual workers" be paid weekly, is a dispositive legal question that has divided New York's appellate courts and the district courts in this circuit. The real-world significance of this question is further reason for the Court to permit immediate appeal—either to review the question itself or to certify it to the N.Y. Court of Appeals.

Plaintiffs, like Plaintiff here, have leveraged the side of the split holding that Section 191 is privately enforceable in order to threaten businesses big and small with ruinous liability for paying workers in full and as agreed using the most common pay cycle (biweekly) in the country. Specifically, Plaintiff claims that "manual workers" who are paid in full every two weeks have a right of action for liquidated damages equal to 50% of all wages earned—and paid—for up to six years. Numerous employers have been compelled to settle due to the sheer threat of such massive damages awards.

Settlements inhibit appellate review, perpetuating the unsettled legal landscape that enables Plaintiffs to continue pursuing pay-frequency claims at high rates. This Court's grant of immediate appeal of this state-law question is especially warranted

3

both because these claims are overwhelmingly filed in federal court—the only venue where Plaintiffs can pursue *class* claims for alleged violations of Section 191—and because district courts lack the power to certify the question. Accordingly, and as discussed below, the petition should be granted.[2]

## ARGUMENT

I. **INTERLOCUTORY APPEAL IS NECESSARY TO ENSURE CONSISTENT DECISIONS AMONG THE DISTRICT COURTS.**

Neither this Court nor the N.Y. Court of Appeals has addressed the question whether N.Y. Labor Law § 198(1-a) creates a private right of action for an employer's payment of "manual workers" on anything other than a weekly basis. District courts have been forced to guess how the N.Y. Court of Appeals would resolve the question. *See, e.g.*, *In re Vebeliunas*, 332 F.3d 85, 90–91 (2d Cir. 2003) ("In the absence of controlling authority, this Court must attempt to determine how the New York Court of Appeals would resolve this issue."). Before any N.Y. appellate court weighed in, federal courts had held that no such right of action exists.[3]

That changed in 2019, when the First Department held that Section 198(1-a) makes Section 191 privately enforceable. *Vega v. CM & Assocs. Constr. Mgmt.*,

---

[2] *Amici* submit this brief in support of the petition. If the petition is granted, *Amici* reserve the right to submit a separate brief, on the merits, in support of reversal.

[3] *See, e.g.*, *Coley v. Vannguard Urban Improvement Ass'n*, 2018 WL 1513628, at *13 (E.D.N.Y. 2018); *Hussain v. Pak. Int'l Airlines*, 2012 WL 5289541, at *3 (E.D.N.Y. 2012).

4

175 A.D.3d 1144, 1145 (1st Dep't 2019). A tidal wave of litigation followed, involving claims of untimely payment of "manual workers" and demands for colossal damages awards. These cases are overwhelmingly filed in *federal* courts (invoking jurisdiction under the Class Action Fairness Act) because only in *federal* court may Plaintiffs bring claims under Section 191 on a class basis. *See* N.Y. C.P.L.R. § 901(b) (barring class actions for statutory damages unless authorized by statute). Without any contrary rulings, federal courts faced with these suits determined that they were required to follow *Vega*. *See, e.g.*, *Espinal v. Sephora, Inc.*, 2022 WL 16973328, at *6 (S.D.N.Y. 2022) ("While we would likely not reach this conclusion ourselves if the issue were presented afresh, for reasons explained further below, we feel bound to follow *Vega*'s holding on this point.").

In January 2024, the Second Department expressly rejected *Vega*'s analysis and and held that there is no right of action, express or implied, for alleged violations of Section 191. *Grant v. Global Aircraft Dispatch, Inc.*, 223 A.D.3d 712, 715 (2d Dep't 2024) ("[W]e respectfully disagree with the reasoning of *Vega* and decline to follow it."). This conflict among New York's appellate courts created conflict among the district courts in this circuit. *Compare Espinal v. Sephora, Inc.*, 2024 WL 3589604, at *11 (S.D.N.Y. 2024) (following *Grant*), *with Birthwright v. Advance Stores Co.*, 2024 WL 3202973, at *2 (E.D.N.Y. 2024) (following *Vega*). Pay-frequency claims

5

continue to be filed in federal court at an alarming rate—at least 76 of the hundreds of active cases were filed in 2024 alone.[4]

---

[4] *Mejia v. Creative Foods Corp.*, No. 24-cv-00091 (E.D.N.Y); *Ayala v. Jetblue Airways.*, No. 24-cv-00259 (E.D.N.Y.); *Zhinin v. Sistina Restaurant Inc.*, No. 24-cv-00288 (S.D.N.Y.); *Velasquez v. 1501 Undercliff Assocs.*, No. 24-cv-00341 (S.D.N.Y.); *Quintero v. Le General Servs. Inc.*, No. 24-cv-00451 (E.D.N.Y.); *Sharma v. Open Door NY Home Care Services, Inc.*, No. 24-cv-00497 (E.D.N.Y.); *Santos v. Lidl, LLC*, No. 24-cv-00611 (E.D.N.Y.); *Cruz v. El Bohio Tropical Square Inc.*, No. 24-cv-00684 (S.D.N.Y.); *Schwartz v. Qazi*, No. 24-cv-00911 (E.D.N.Y); *Pheonix v. Cushman & Wakefield, Inc.*, No. 24-cv-00965 (S.D.N.Y.); *Nokaj v. Pappas N.Y.*, No. 24-cv-1076 (S.D.N.Y.); *Jarvis v. AutoZone, Inc.*, No. 24-cv-00117 (E.D.N.Y.); *Cartagena v. Walmart, Inc.*, No. 24-cv-01211 (E.D.N.Y); *Vangorden v. Honeybee Foods Corp.*, No. 24-cv-01248 (E.D.N.Y.); *Ginenthal v. TEC Building Sys.*, No. 24-cv-01256 (E.D.N.Y.); *Caguana v. Yeshiva Gedolah Zichron Moshe*, No. 24-cv-01279 (S.D.N.Y.); *Gega v. La France LLC*, No. 24-cv-1344 (E.DN.Y.); *Sharma v. PEP Boys - Manny, Moe & Jack, Inc.*, No. 24-cv-01510 (E.D.N.Y.); *Harford v. 38th St. Suites LLC*, No. 24-cv-01531 (S.D.N.Y.); *Mouchas v. Under Pressure Coffee Inc.*, No. 24-cv-02221 (E.D.N.Y.); *Fakhurtdinov v. ITG Commc'ns*, No. 24-cv-01696 (E.D.N.Y.); *Sylvester v. Souther Cross*, No. 24-cv-01776 (E.D.N.Y.); *Santana v. Seoul Shopping, Inc.*, No. 24-cv-01839 (E.D.N.Y.); *Santiago v. Belmont Realty LLC*, 24-cv-02041 (S.D.N.Y.); *Davila v. Chelsea Senior Living LLC*, No. 24-cv-02384 (E.D.N.Y.); *Smith v. Alliant Ins. Servs.*, No. 24-cv-02389 (E.D.N.Y.); *Duggins v. Heritage Ne. Med. Mgmt.*, No. 24-cv-02388 (E.D.N.Y.); *Valoria v. JGV Assocs.*, No. 24-cv-02404 (E.D.N.Y.); *Mile v. MLJ Painting Corp.*, No. 24-cv-02400 (E.D.N.Y.); *McDonald v. H & M Hennes & Mauritz LP*, No. 24-cv-2476 (S.D.N.Y.); *Mohammed v. Leap Servs.*, No. 24-cv-01318 (S.D.N.Y.); *Lewis v. Progressive Pipeline Mgmt.*, No. 24-cv-02567 (E.D.N.Y.); *Apkaki v. Proguard Protection Inc.*, No. 24-cv-02687 (S.D.N.Y.); *Hernandes v. Lo Sewing Inc.*, No. 24-cv-02882 (E.D.N.Y.); *Vega v. Regent Hospitality Linen Servs.*, No. 24-cv-02911 (S.D.N.Y.); *Diakite v. Autozonerz, LLC*, No. 24-cv-02927 (E.D.N.Y.); *Discolo v. United Security Inc.*, No. 24-cv-03161 (E.D.N.Y.); *Ford v. Quest Diagnostic Inc.*, No. 24-cv-03160 (E.D.N.Y.); *Luke v. Genting LLC*, No. 24-cv-03159 (E.D.N.Y); *Prepetit v. Unique On the Go Corp.*, No. 24-cv-03197 (E.D.N.Y.); *Brown v. CE Solutions Inc.*, No. 24-cv-03226 (E.D.N.Y.); *Hayes v. 355 Restaurant Grp.*, No. 24-cv-03468 (S.D.N.Y.); *Shadiha v. Apollo Manufac.*, No. 24-cv-03502 (S.D.N.Y.); *Rue v. VMD Sys. Integrators, Inc.*, No. 24-cv-00476 (W.D.N.Y.); *Sanchez v. Bavarian Mansion, LLC*, No. 24-cv-00693 (N.D.N.Y.);

## II. THE STAKES ARE HIGH FOR ALL EMPLOYERS, BUT ESPECIALLY SMALL BUSINESSES.

For employers of all sizes, the threatened liability in these cases would be ruinous, especially given the purported availability of liquidated damages and the six-year limitations period. *See* N.Y. Lab. Law § 198(3). Consider two hypothetical employers that have been paying "manual workers" on a biweekly basis $16 per hour (the current NYC minimum wage) for 40 hours per week, 52 weeks per year.

---

*Otieno v. Braman*, No. 24-cv-00706 (N.D.N.Y.); *Varona v. New Age Lounge, Inc.*, No. 24-cv-04020 (S.D.N.Y.); *Karim v. Port Brokers Inc.*, No. 24-cv-03905 (E.D.N.Y.); *Bhuiyan v. Walgreen E. Co.*, No. 24-cv-03881(E.D.N.Y.); *Azad v. CVS LLC*, No. 24-cv-04122 (S.D.N.Y.); *Dorval v. Think Outsourcing LLC*, No. 24-cv-04204 (S.D.N.Y.); *Doorkan v. Carnadby House LLC*, No. 24-cv-03922 (E.D.N.Y.); *Jordan v. CE Solutions Inc.*, No. 24-cv-04168 (S.D.N.Y.); *Valdez v. Right Time Job, Inc.*, No. 24-cv-03945 (E.D.N.Y.); *Nicolas v. Rosenthal Wine Merchant Ltd.*, No. 24-cv-03990 (E.D.N.Y); *Valle v. Lamar Gourmet Deli Corp.*, No. 24-cv-04547 (S.D.N.Y.); *Smith v. Vogelstein*, No. 24-cv-04583 (S.D.N.Y.); *Bishop v. N.H. Ross, Inc.*, No. 24-cv-04286 (E.D.N.Y.); *Edwards v. CRST Expedited, Inc.*, No. 24-cv-04330 (E.D.N.Y.); *Headley-Tomilson v. Engel Burman Senior Housing at North Hills, Inc.*, No. 24-cv-04445 (E.D.N.Y); *Rodriguez v. Elite Parking Area Maintenance*, No. 24-cv-04444 (E.D.N.Y.); *Andujar v. Purchase St. Ventures Corp.*, No. 24-cv-04862 (S.D.N.Y.); *Martinez v. Surefox Inc.*, No. 24-cv-04933 (S.D.N.Y); *Burkett v. Dennis Shipping, Co.*, No. 24-cv-04942 (S.D.N.Y.); *Hancle v. W. Bar & Lounge, Inc.*, No. 24-cv-04613 (E.D.N.Y.); *Lachoo v. Smilie Hearts House Inc.*, No. 24-cv-04841 (E.D.N.Y.); *Miller v. Building Servs. Inc.*, No. 24-cv-04814 (E.D.N.Y.); *Lugo v. OT Nyack, LLC*, No. 24-cv-05220 (S.D.N.Y.); *Garzon v. Building Servs. Inc.*, No. 24-cv-05429 (S.D.N.Y.); *Theodore v. CorpHousing LLC*, No. 24-cv-05432 (S.D.N.Y.); *Lozano v. Cajun Seafood Middletown LLC*, No. 24-cv-05476 (S.D.N.Y.); *Jimenez v. Brownstone Prop. Grp.*, No. 24-cv-05108 (E.D.N.Y.); *Trimble v. Sentry Commc'ns*, No. 24-cv-05206(E.D.N.Y.); *Sam v. Stone Security Serv.*, No. 24-cv-05620 (S.D.N.Y.); *Lagos v. Camelot Realty Grp.*, No. 24-cv-05233 (E.D.N.Y.); *Carpio v. Alcott HR Grp. LLC*, No. 24-cv-05336 (E.D.N.Y.); *Nieves v. NYC Sch. Support Servs., Inc.*, No. 24-cv-05783 (S.D.N.Y.).

7

Plaintiff's theory, which *Vega* enables and *Grant* forecloses, is that 26 of those weeks' wages each year during the six-year limitations period were paid one week late and therefore must be paid again—as liquidated damages, even though the employees received 100% of the wages earned.

Assume **Employer A** is a small business with seven manual worker employees, who were paid in full biweekly. Employer A's potential liability is $698,880—nearly $100,000 for each member of its small workforce:

> **7 x $16/hour x 40 hours/week x 26 weeks/year x 6 years = $698,880**

Such liability could easily bankrupt a small business. According to one survey, 72% of N.Y. small businesses have *total annual revenues* under $1 million.[5] Businesses like these cannot absorb a financial hit that exceeds more than half of their total annual revenue.

This is no mere hypothetical. Faced with potential liability in the millions, two sisters who own a Medford ice cream shop with 40 employees settled on a class basis for $450,000. They reportedly had to cash in their personal retirement accounts to make the first of six $75,000 payments. Keshia Clukey, *Century-old New York State Weekly Pay Law Sparking Contentious Legal Battle*, NEWSDAY (June 23, 2024).

---

[5] Empire State Development, Annual Report on the State of Small Businesses, at 3 (2020), https://esd.ny.gov/sites/default/files/2020-ESD-ANNUAL-REPORT-SMALL-BUSINESS.pdf.

Assume **Employer B** is significantly larger, with 999 manual worker employees who were all paid in full biweekly. Employer B's potential liability under Plaintiff's reading of Section 191 is nearly *nine figures*:

> **999 x $16/hour x 40 hours/week x 26 weeks/year x 6 years = $99,740,160**

Section 191 creates a waiver process whereby the Commissioner of Labor can authorize certain employers to pay manual workers biweekly or semi-monthly rather than weekly. N.Y. Lab. Law § 191(a)(ii). But to be eligible, the entity must employ at least 1,000 employees. So, neither Employer A nor Employer B could possibly obtain a waiver.

Now consider the broader exposure for employers throughout New York. Even if Employer B is one of only *ten* similarly sized companies employing 999 manual workers, their collective liability on Plaintiff's view would be *nearly $1 billion*—for paying workers in full and as promised using the most common pay cycle. And that's to say nothing of the potential liability of the many other manual worker employers that are large enough to qualify for the statutory waiver. All told, the potential monetary liability on this issue could easily exceed several billion dollars.

These hypotheticals accurately capture the implications of Plaintiff's interpretation of Sections 191 and 198. In one case, for instance, a court awarded a *single* maintenance worker and cleaner, who was paid in full on a biweekly basis, $119,906.25 in liquidated damages for just a *three-year* period (the extent of his

9

employment). *Williams v. Miracle Mile Props. 2 LLC*, 2022 WL 1003854, at *9 (E.D.N.Y. 2022). Had he been able to assert claims for the entire six-year limitations period, this one worker's share of liquidated damages would have exceeded $200,000. Class certification would multiply damages exponentially.

Such amounts are eye-popping in any context, but here they were imposed simply because an employer issued 26 paychecks per year rather than 52. This is not a scenario where employees were underpaid. Rather, under Plaintiff's legal theory, an employer's adherence to the predominant pay cycle effectively entitles manual workers to time-and-a-half pay—the premium for overtime work—for up to six years. U.S. Bureau of Labor Statistics, *Current Employment Statistics, Length of Pay Periods in the Current Employment Statistics Survey* (May 3, 2021) (explaining that 43% of American employers use a biweekly pay cycle, compared to 33.3% who pay weekly, 19% who pay semimonthly, and 4.7% who pay monthly).[6] As at least one judge has recognized, the lack of proportion between these massive damages and the claimed harm would "invariably" render such damages unconstitutionally excessive under either the Due Process Clause or the Excessive Fines Clause. *Espinal*, 2024 WL 3589604, at *5.

---

[6] https://www.bls.gov/ces/publications/length-pay-period.htm

10

Many defendants are forced to settle to avoid the risk attendant to litigation of a potential "liability catastrophe," especially given the narrow construction courts have often given the statute's "good faith" exception and the potential for litigation over the boundaries of Section 191's category of "manual workers."[7] The potential liquidated damages on a class basis can easily drive an employer to settlement. These coerced settlements hinder further clarity around the law.

In short, the core legal question in this case—whether N.Y. law authorizes the sort of liquidated damages Plaintiff seeks here—can be resolved only by this Court or the N.Y. Court of Appeals. The lack of controlling authority makes this issue well-suited for certification to the N.Y. Court of Appeals, which only this Court may do. *See* 22 N.Y.C.R.R. § 500.27(a). Clarity is needed now to protect New York employers, especially small businesses.

---

[7] "Manual worker" is unhelpfully defined as "a mechanic, workingman or laborer." N.Y. Lab. Law § 190(4).

11

## CONCLUSION

The petition for interlocutory appeal should be granted.

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

Dated: August 12, 2024

s/ Stephanie Schuster
Stephanie Schuster
1111 Pennsylvania Avenue, NW
Washington, DC 20004
T: 202.739.3000
F: 202.739.3001
stephanie.schuster@morganlewis.com

*Counsel for Amici Curiae*

## **CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Federal Rules of Appellate Procedure 5(c)(1) and 29(a)(5) because it contains 2,597 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface, Times New Roman 14-point font.

Dated: August 12, 2024            s/ Stephanie Schuster
                                                           Stephanie Schuster