# 24-2111-cv

## United States Court of Appeals

*for the*

## Second Circuit

———————◆———————

ADVANCE STORES COMPANY, INC., DBA Advance Auto Parts,

*Petitioner,*

— v. —

HUGH BIRTHWRIGHT, individually and on behalf of himself
and all others similarly situated,

*Respondent.*

———————————
*(For Continuation of Caption See Inside Cover)*
———————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

## RESPONSE TO PETITION FOR PERMISSION TO APPEAL AN ORDER OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1292(B) AND FRAP 5(A)(3)

BRIAN S. SCHAFFER
JOSEPH A. FITAPELLI
FRANK J. MAZZAFERRO
FITAPELLI & SCHAFFER, LLP
28 Liberty Street, 30th Floor
New York, New York 10005
(212) 300-0375

RAYMOND NARDO
RAYMOND NARDO, P.C.
129 Third Street
Mineola, New York 11501
(516) 248-2121

*Attorneys for Respondent*

 COUNSEL PRESS    (800) 4-APPEAL • (321000)

THE RETAIL LITIGATION CENTER, INC., CHAMBERS OF COMMERCE OF THE UNITED STATES OF AMERICA, NATIONAL FEDERATION OF INDEPENDENT BUSINESS, INC., NATIONAL RETAIL FEDERATION, RESTAURANT LAW CENTER, NEW YORK STATE RESTAURANT ASSOCIATION, THE BUSINESS COUNCIL OF NEW YORK STATE, INC., BUSINESS COUNCIL OF WESTCHESTER, RETAIL COUNCIL OF NEW YORK STATE,

*Movants.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................... iii

PRELIMINARY STATEMENT ........................................................... 1

FACTUAL BACKGROUND ................................................................ 4

PROCEDURAL BACKGROUND OF *VEGA*, *GRANT*, AND
    *BIRTHWRIGHT* ....................................................................... 5

ARGUMENT ...................................................................................... 7

   I.    LEAVE TO APPEAL SHOULD BE DENIED ........................... 7

       A.    Petitioner's "Question Presented" is Improper ........... 7

       B.    There is no Substantial Ground for Difference of
           Opinion ..................................................................... 8

       C.    This Appeal will not Materially Advance the Ultimate
           Termination of the Litigation and Certification to the
           NYCOA Would be Futile ......................................... 9

  II.    THE DISTRICT COURT CORRECTLY DECIDED THE
       ISSUE ...................................................................... 11

       A.    New York has Prioritized Pay Frequency for Over 100
           Years ...................................................................... 12

       B.    The Legislative History of the NYLL Supports *Vega's*
           Holding ................................................................... 13

           i.    The 1967 amendments connect § 191 claims to
               § 198 remedies ............................................... 14

           ii.    The 2010 amendments align with Vega's
               determination that § 198 expressly permits
               liquidated damages for violations of § 191 ..... 15

       C.    Post *Grant*, Courts Have Continued to Hold That There
           is an Express Private Right of Action for Violations of
           NYLL § 191(1)(A) .................................................. 16

i

D.    Post *Grant*, Courts Have Continued to Hold That There is an Implied Private Right of Action for Violations of NYLL 191(1)(A) ........................................................................... 17

E.    *Grant* is "Unpersuasive" Due to the *Court's* Disregard of the Principle That NYLL Liquidated Damages are now Analogous to the FLSA ..................................................... 19

F.    The Two Courts to Follow *Grant* are Unpersuasive ................ 20

CONCLUSION ....................................................................................... 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Bazinett v. Pregis LLC*,
No. 23-CV-790 (MAD)(ML), 2024 WL 1116287
(N.D.N.Y. Mar. 14, 2024) ......................................................................... 3, 18

*Birthwright v. Advance Stores Co., Inc.*,
No. 22-CV-593 (GRB)(ST), 2024 WL 3202973
(E.D.N.Y. June 27, 2024)........................................................................6, 7, 11

*Brooklyn Savings Bank v. O'Neil,*
324 U.S. 697 (1945).......................................................................................19

*Bryant v. Buffalo Exchange, LTD*.,
No. 23-CV-8286 (AS), 2024 WL 3675948 (S.D.N.Y. Aug. 6, 2024).... *passim*

*Cooke v. Frank Brunckhorst Co., LLC*,
No. 23-CV-6333 (JAM), 2024 WL 2263087
(E.D.N.Y. May 18, 2024)..................................................................................3

*Coopers & Lybrand v. Livesay,*
437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) ....................................7

*Covington v. Childtime Childcare, Inc.*,
No. 23-CV-710 (BKS)(MJK), 2024 WL 2923702
(N.D.N.Y. June 10, 2024) ............................................................................3, 8

*Espinal v. Sephora USA, Inc.*,
No. 22 CIV. 03034 (PAE)(GWG), 2024 WL 3589604
(S.D.N.Y. July 31, 2024)......................................................................... 20, 21

*Galante v. Watermark Servs. IV, LLC*,
No. 23-CV-06227 (FPG), 2024 WL 989704
(W.D.N.Y. Mar. 7, 2024)................................................................................20

*Gamboa v. Regeneron Pharm., Inc.*,
No. 22-CV-10605 (KMK), 2024 WL 815253
(S.D.N.Y. Feb. 27, 2024) ......................................................................... 3, 16

*Garcia v. Skechers USA Retail, LLC*,
No. 23-CV-1055(PKC)(JAM), 2024 WL 1142316
(E.D.N.Y. Mar. 15, 2024)............................................................ 3, 13, 16, 17

*Gillett v. Zara USA, Inc.*,
  No. 20-CIV-3734 (KPF), 2022 WL 3285275
  (S.D.N.Y. Aug. 10, 2022)...................................................................19

*Gottlieb v. Kenneth D. Laub & Co.*,
  82 N.Y.2d 457 (1993) ........................................................... 14, 18

*Grant v. Global Aircraft Dispatch, Inc.*,
  204 N.Y.S.3d 117 (N.Y. App. Div. 2024) ............................. *passim*

*Hart v. Rick's Cabaret Int'l, Inc.*,
  73 F. Supp. 3d 382 (S.D.N.Y. 2014) ...........................................8

*Hermes Int'l v. Rothschild*,
  590 F. Supp. 3d 647 (S.D.N.Y. 2022) ...........................................8

*Jones v. Nike Retail Servs., Inc.*,
  No. CV 22-3343, 2022 WL 4007056 (E.D.N.Y. Aug. 30, 2022) .................14

*Kidney v. Kolmar Labs., Inc.*,
  808 F.2d 955 (2d Cir.1987)........................................................11

*Konkur v. Utica Academy of Science Charter School*,
  38 N.Y.3d 38 (2022) ........................................... 17, 18, 21

*La Juett v. Coty Mach. Co.*,
  153 Misc. 410 (Co. Ct. 1934) .................................................12

*Levy v. Endeavor Air Inc.*,
  No. 121-CV-4387 (ENV)(JRC), 2024 WL 1422322
  (E.D.N.Y. Mar. 29, 2024)........................................... 2, 3, 9

*McDougald v. Garber*,
  132 Misc.2d 457, 504 N.Y.S.2d 383...........................................10

*People v. Bloom*,
  7 Misc. 2d 1077 (City Ct. 1957)...............................................15

*People v. Eureka Shipbuilding Corp.*,
  59 N.Y.S.2d 332 (Rec's Ct., City of Newburgh 1945) ...............12

*People v. Vetri*,
  309 N.Y. 401 (1955) ........................................................ 12, 15

*Pineiro v. Pension Benefit Guar. Corp.*,
  22 F. App'x 47 (2d Cir. 2001)...................................................7

iv

*Rana v. Islam*,
  887 F.3d 118 (2d Cir. 2018) .................................................. 19, 20

*Re v. Kornstein, Veisz & Wexler*,
  159 F.3d 1346 (2d Cir. 1998) ........................................................10

*Rogers v. City of Troy, N.Y.*,
  148 F.3d 52 (2d Cir. 1998) ..........................................................19

*Rufino v. United States*,
  69 N.Y.2d 310, 506 N.E.2d 910 (1987) .....................................4, 11

*Sarmiento v. Flagge Contracting Inc.*,
  No. 22-CV-9718(VSB)(JLC), 2024 WL 806137
  (S.D.N.Y. Feb. 27, 2024), *report and recommendation adopted*, No.
  22-CV-9718(VSB)(JLC), 2024 WL 1908607 (S.D.N.Y.
  May 1, 2024) ........................................................................ 3, 16

*Seidenberg v. Duboff & Davies*,
  143 Misc. 167 (City Ct. 1932) ............................................... 12, 16

*Strom v. Prince*,
  154 Misc. 888 (Mun. Ct. 1935) ...................................................16

*Swint v. Chambers Cnty. Comm'n*,
  514 U.S. 35, 115 S. Ct. 1203, 131 L. Ed. 2d 60 (1995) .................7

*Truelove v. Ne. Cap. & Advisory, Inc.*,
  95 N.Y.2d 220 (2000) ...............................................................12

*Vega v. CM & Associates Construction Management, LLC*,
  107 N.Y.S.3d 286 (N.Y. App. Div. 2019) ............................... *passim*

*Zachary v. BG Retail, LLC*,
  No. 22-CV-10521 (VB), 2024 WL 554174 (S.D.N.Y. Feb. 12, 2024) .. *passim*

**Statutes & Other Authorities:**

28 U.S.C. § 1292(b) ....................................................................7

Mem. of Industrial Commissioner, Bill Jacket, L 1967, ch 310 ............................14

N.Y. Lab. Law § 191 .......................................................... *passim*

N.Y. Lab. Law § 191(1)(a) ......................................................... 5, 16

N.Y. Lab. Law § 191(1)(a)(i) ...................................................... 2, 13

N.Y. Lab. Law § 191(1)(a)(ii) ........................................................................2

N.Y. Lab. Law § 191(2) ...............................................................................16

N.Y. Lab. Law § 196 ...................................................................................15

N.Y. Lab. Law § 198 .............................................................................. *passim*

N.Y. Lab. Law § 198(1-a) ...................................................................... *passim*

N.Y. Session Law 1890, Ch. 388 § 1 ............................................................12

N.Y. Session Law 1897, Ch. 415 § 2 ............................................................12

N.Y. Session Law 1897, Ch. 415 § 10 ..........................................................12

## PRELIMINARY STATEMENT

Petitioner's request must be denied as the validity of the timely pay requirements of New York Labor Law ("NYLL") § 191 is simply not in dispute within this Circuit. Quite the opposite, courts within this Circuit have overwhelmingly declined to follow the outlier Appellate Division, Second Department opinion lauded by the Petitioner. Nearly all district courts have continued to rule this way *after* the authority relied upon by the Petitioner.

Despite this, Petitioner asks the Court to sympathize with the alleged hardships faced by a company that reported over $11 billion in net sales for 2023[1], over Respondent who earned $16.00 per hour, barely exceeding the minimum wage in New York. Despite Petitioner's theatrics, courts can, and should, hold employers accountable for unlawful delays in paying hourly, manual workers. *See Bryant v. Buffalo Exchange, LTD.*, No. 23-CV-8286 (AS), 2024 WL 3675948, at *6 (S.D.N.Y. Aug. 6, 2024) (citation omitted) ("The Court disagrees that allowing employees to recover 100% of late wages is a 'disposition that no reasonable person could intend.'")

---

[1] Advanced Auto Parts, Inc., Form 10-K, at 9, March 12, 2024, available at: https://d18rn0p25nwr6d.cloudfront.net/CIK-0001158449/2246e193-18f5-4e1d-b8e1-7ab28da89e43.pdf (last visited August 9, 2024).

Petitioner conveniently ignores that the same statute offers an exemption to employers who exercise diligence and take affirmative steps to comply with the law.[2] N.Y. Lab. Law § 191(1)(a)(ii) ("…to pay less frequently than weekly but not less frequently than semi-monthly if the employer furnishes satisfactory proof to the commissioner of its continuing ability to meet its payroll responsibilities."). According to the New York Department of Labor, businesses have sought this exemption since the 1980's. Appx. at RA-1-RA-15. Petitioner is not the innocent victim of a random payroll error. Rather, Petitioner disregarded the mandates of a statute and refused to file for an exemption, as many other businesses did. Petitioner's refusal to comply with the law or seek an exemption does not constitute exceptional circumstances warranting interlocutory appeal.

Two district courts have previously denied interlocutory certification of this issue. *See Levy v. Endeavor Air Inc.*, No. 121-CV-4387 (ENV)(JRC), 2024 WL 1422322 (E.D.N.Y. Mar. 29, 2024); *Zachary v. BG Retail, LLC*, No. 22-CV-10521 (S.D.N.Y. July 15, 2024), Appx. at RA-20-RA-24. Both courts reasoned that the moving party failed to establish a substantial ground for difference of opinion where the weight of authority leans almost unanimously in favor of the existence of a private right of action for violations of § 191(1)(a)(i). *Id.* at *2.

---

[2] On February 6, 2023, *after* this lawsuit was filed, Petitioner obtained the exemption to now pay manual workers bi-weekly. Appx. at RA-1.

Indeed, the district court below has twice held that a private right of action exists, which is consistent with at least 9 other district courts in this Circuit.[3] With an apparent split in authority among the New York Appellate Divisions, district courts weighed the competing appellate decisions to determine how the New York Court of Appeals ("NYCOA") would rule. *Bryant*, 2024 WL 3675948, at *3. As the majority have held that a private right of action exists, Petitioner cannot establish a difference of opinion among district courts.

Furthermore, an appeal to this Court will not materially advance the ultimate termination of this litigation. Currently, this issue is progressing through New York State courts. In the event the Appellate Division, Second Department reverses its

---

[3] *See Bryant*, 2024 WL 3675948; *Covington v. Childtime Childcare, Inc.*, No. 23-CV-710 (BKS)(MJK), 2024 WL 2923702 (N.D.N.Y. June 10, 2024); *Cooke v. Frank Brunckhorst Co., LLC*, No. 23-CV-6333 (JAM), 2024 WL 2263087 (E.D.N.Y. May 18, 2024); *Bazinett v. Pregis LLC*, No. 23-CV-790 (MAD)(ML), 2024 WL 1116287 (N.D.N.Y. Mar. 14, 2024); *Levy*, 2024 WL 1422322; *Garcia v. Skechers USA Retail, LLC*, No. 23-CV-1055(PKC)(JAM), 2024 WL 1142316 (E.D.N.Y. Mar. 15, 2024); *Sarmiento v. Flagge Contracting Inc.*, No. 22-CV-9718(VSB)(JLC), 2024 WL 806137 (S.D.N.Y. Feb. 27, 2024), *report and recommendation adopted*, No. 22-CV-9718(VSB)(JLC), 2024 WL 1908607 (S.D.N.Y. May 1, 2024); *Gamboa v. Regeneron Pharm., Inc.*, No. 22-CV-10605 (KMK), 2024 WL 815253 (S.D.N.Y. Feb. 27, 2024); *Zachary v. BG Retail, LLC*, No. 22-CV-10521 (VB), 2024 WL 554174 (S.D.N.Y. Feb. 12, 2024).

prior decision, or the NYCOA agrees to hear the issue, action by this Court could be rendered moot. [4]

Certification to the NYCOA is similarly counterproductive. The NYCOA has previously declined to hear questions certified by this Court where, as here, an issue of state law was progressing through the New York appellate process. *See Rufino v. United States*, 69 N.Y.2d 310, 311–12, 506 N.E.2d 910, 911 (1987) ("…it is unquestionably preferable in the resolution of significant State law issues to secure the benefit afforded by our normal process—the considered deliberation and writing of our intermediate appellate court in a pending litigation."). Thus, Petitioner cannot establish that leave to appeal is appropriate.

## FACTUAL BACKGROUND

Hugh Birthwright's ("Respondent" or "Plaintiff") First Amended Complaint ("FAC") alleges that Petitioner employed him as a driver. ECF No. 10, ¶ 9.[5] During his employment, Plaintiff was paid $16.00 per hour. *Id*. Plaintiff alleges that he was a manual worker as over twenty-five percent of his duties were physical tasks, including but not limited to: (1) driving a vehicle; (2) loading and unloading automotive parts; (3) regularly lifting up to 100 pounds; (4) stocking merchandise

---

[4] A motion for reargument or the opportunity to appeal to the NYCOA is still pending in *Grant*. That application was filed on February 15, 2024.

[5] References to "ECF" refer to electronic filings in the district court, Case No. 22-CV-00593, available on PACER.

and other items; and (5) general cleaning of the store. *Id.* ¶¶ 4, 31. Despite being a manual worker, Petitioner failed to pay Plaintiff within seven calendar days after the end of the week in which these wages were earned. *Id.* ¶ 3.

As a manual worker, Plaintiff depended upon his wages for sustenance, and Petitioner's failure to pay timely wages constitutes an acute injury. *Id.* ¶¶ 5, 6. As a result of Petitioner's pay practices, Plaintiff was underpaid and, accordingly, was denied the time-value of his money earned, fell further behind on bills due, and his ability to make purchases was impaired. *Id.* ¶¶ 1, 36-39.

## PROCEDURAL BACKGROUND OF *VEGA*, *GRANT*, AND *BIRTHWRIGHT*

In *Vega v. CM & Associates Construction Management, LLC*, the Appellate Division, First Department held unanimously that NYLL Section 191 and Section 198 confer an express private right of action for claims arising out of the untimely payment of wages. 107 N.Y.S.3d 286, 288 (N.Y. App. Div. 2019) ("[Section] 198(1-a) expressly provides a private right of action for a violation of [Section 191].") The court specifically found that the term "underpayment" in Section 198(1-a) "encompasses the instances where an employer violates the frequency requirements of [Section 191(1)(a)] but pays all wages due before the commencement of an action." *Id.* The court further held that "even if [Section] 198 does not expressly authorize a private action for violation of the requirements of [Section] 191, a remedy may be implied since plaintiff is one of the class for whose particular benefit

the statute was enacted, the recognition of a private right of action would promote the legislative purpose of the statute and the creation of such a right would be consistent with the legislative scheme." *Id.* at 288–89 (citations omitted).

On January 17, 2024, the Appellate Division, Second Department held in *Grant v. Global Aircraft Dispatch, Inc*., that Section 198(1-a) provides neither an express nor implied private right of action for manual workers who have been paid on a biweekly, rather than weekly, basis. 204 N.Y.S.3d 117, 125 (N.Y. App. Div. 2024). Whereas *Vega* was unanimous, the Honorable Linda Christopher issued a thoughtful dissent in *Grant* opposing the majority's holding that there is no private right of action for violations of NYLL 191. *Id*. at 125. On February 15, 2024, the *Grant* plaintiff filed a Motion for Argument and Leave to Appeal to NYCOA. Appx. at RA-25-RA-41. To date, the Appellate Division, Second Department has not ruled.

The district court has twice denied Petitioner's request to dismiss Respondent's FAC. ECF Nos. 66, 33. Most recently, the district court held that "…the New York Court of Appeals would agree with the holding of *Vega* and find that NYLL §§ 191 and 198 appear to provide for a private right of action." *Birthwright v. Advance Stores Co., Inc.*, No. 22-CV-593 (GRB)(ST), 2024 WL 3202973, at *2 (E.D.N.Y. June 27, 2024). Despite this, on July 24, 2024, the district court certified its June 27, 2024, Order ("Order") for interlocutory appeal. ECF No. 72.

## ARGUMENT

### I.    LEAVE TO APPEAL SHOULD BE DENIED

"An interlocutory appeal may be certified when it involves a 'controlling question of law as to which there is substantial ground for difference of opinion and ... an immediate appeal ... may materially advance the ultimate termination of the litigation.'" *Pineiro v. Pension Benefit Guar. Corp.*, 22 F. App'x 47, 48–49 (2d Cir. 2001) (quoting 28 U.S.C. § 1292(b)). "Only 'exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Id.* (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)).

### A. Petitioner's "Question Presented" is Improper

Appellate review pursuant to § 1292(b) is "limited to the certified order." *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 50, 115 S. Ct. 1203, 1211, 131 L. Ed. 2d 60 (1995). Here, the certified order addresses whether, "…in light of the recent Second Department decision in *Grant*, [should] this Court should vacate its earlier decision in *Birthwright I* and find that plaintiff has no private right of action under NYLL § 191." *Birthwright*, 2024 WL 3202973, at *1.

Petitioner's question presented exceeds the issues covered by the order. *See e.g.*, No. 24-2111, ECF No. 5.2 at 12, ("…does the NYLL [] allow[] employees to retain the full wages they were already paid and also recover an equal amount in

7

liquidated damages for any alleged late payments (*i.e.*, receive double pay)").

Moreover, Petitioner's inherently biased question arguably mixes factual issues with

issues of law, rendering it improper for interlocutory appeal. *See e.g.*, *Hart v. Rick's*

*Cabaret Int'l, Inc.*, 73 F. Supp. 3d 382, 394 (S.D.N.Y. 2014).

## B. There is no Substantial Ground for Difference of Opinion

Assuming *arguendo* that Petitioner has satisfied the "controlling question of

law" element, leave to appeal should be denied because there is no "substantial

ground for difference of opinion" regarding the question at bar. "District courts

sitting in this Circuit have had the opportunity to weigh-in on *Grant* and address the

split in authority— all but [two] have continued to follow *Vega* as the predominate

authority and predict that the Court of Appeals is more likely to adopt the First

Department's conclusion." *Covington*, 2024 WL 2923702, at *4.

To date, 9 district courts have followed *Vega*, post *Grant*. Despite two outlier

decisions, "[g]ranting interlocutory appeal in every case where a party can cite to a

few cases for their position would transform the procedure into a vehicle for a second

bite at an appeal wherever there is a difficult issue, a function for which it was

obviously not intended." *Hermes Int'l v. Rothschild*, 590 F. Supp. 3d 647, 656

(S.D.N.Y. 2022) (citation omitted).

Based on the near unanimous decisions finding *Vega* persuasive, district

courts have denied requests for interlocutory certification of the issue at bar. In

denying interlocutory certification, the Honorable Vincent L. Briccetti reasoned that there was no "…substantial ground for a difference of opinion because every federal court, including this one, to consider the question has agreed with *Vega*…" *Zachary*, Appx. at RA-21, 4:3-25.

More recently, the Honorable Eric N. Vitaliano also denied interlocutory certification holding that:

> Despite the split between the less-than convincing holding of the Second Department and that of the First Department, one would be hard pressed to say that there is "substantial ground for difference of opinion," where the weight of authority leans almost unanimously in favor of the existence of a private right of action under § 191.

*Levy*, 2024 WL 1422322, at *2.

Importantly, these decisions directly address *Grant*, explicitly holding that the plain language of § 191 conflicts with the *Grant* court's reading and is further undermined by the statute's legislative history. *Id*. (citing *Zachary*, 2024 WL 554174, at *1).

### C. This Appeal will not Materially Advance the Ultimate Termination of the Litigation and Certification to the NYCOA Would be Futile

If any dispute concerning this issue actually exists, such a dispute is purely a matter of state law. However, as of the time of this brief, any "dispute" is neither legitimate nor ripe within New York State Courts. In the interim, district courts have continued to follow a line of cases favoring the enforcement of worker's right to

timely pay, as set forth in the statutory framework. Simply put, "[t]he Second Circuit has really nothing to resolve. There is no dispute within the circuit." *Zachary*, Appx. at RA-26, 6:4-5.

Pending before the Second Department is a request for a reargument of *Grant* or, in the alternative, permission to appeal to the NYCOA. Accordingly, the state court appeal process could render an appeal to this Court moot. For instance, if reargument is granted and the Second Department reverses its prior decision, state courts would then align with the majority of district courts which have held that a private right of action exists. In the alternative, if the *Grant* plaintiff is permitted to appeal to the NYCOA and the appeal is heard, any decision from the NYCOA would bind federal courts. Denying Petitioner's request would save judicial time and resources while *Grant* advances through New York courts. *See e.g.*, *Re v. Kornstein, Veisz & Wexler*, 159 F.3d 1346 (2d Cir. 1998) (dismissing "interlocutory appeals as improvidently granted" after further development of the issue in New York courts).

The NYCOA has previously declined to review certified questions from this Court where, as here, the issue was proceeding through New York's appellate courts:

> The very questions now tendered for our review were only recently answered by Supreme Court, New York County, in *McDougald v. Garber*, 132 Misc.2d 457, 504 N.Y.S.2d 383, and are the subject of an appeal currently going forward in the Appellate Division, First Department. Were we to undertake to answer the certified questions now, by the extraordinary procedure of responding to specific

> questions from the Federal court rather than deciding a case fully before us for review, we would necessarily affect the ordinary State procedure now in actual progress for the resolution of these issues. In the circumstances, it is unquestionably preferable in the resolution of significant State law issues to secure the benefit afforded by our normal process—the considered deliberation and writing of our intermediate appellate court in a pending litigation. We therefore decline to accept the certified questions.

*Rufino*, 69 N.Y.2d at 311–12; *See also, Kidney v. Kolmar Labs., Inc*., 808 F.2d 955, 957 (2d Cir.1987) ("[I]ssues of state law are not to be routinely certified to the highest court[ ] of New York ... simply because a certification procedure is available. The procedure must not be a device for shifting the burdens of this Court to those whose burdens are at least as great."). As a result, Petitioner's request should be denied.

## II.   THE DISTRICT COURT CORRECTLY DECIDED THE ISSUE[6]

Tasked with weighing both *Vega* and *Grant*, the district court correctly determined that the NYCOA, "…would agree with the holding of *Vega*" and find that NYLL provides for a private right of action for timely pay violations. *Birthwright*, 2024 WL 3202973, at *2. The district court's continued adherence to *Vega* supports the argument that the NYCOA would agree. The Order is consistent

---

[6] Without waiving the right to file additional briefing in the event the Court grants interlocutory certification, Respondent addresses these arguments now as they support denial of interlocutory certification and address issues raised by Petitioner.

with the majority of courts in this Circuit, a plain reading of the statutes, and the legislative history of the NYLL.

### A. New York has Prioritized Pay Frequency for Over 100 Years

The State of New York has required employers to pay certain workers on a weekly basis since the 19th Century. *See* N.Y. Session Law 1890, Ch. 388 § 1; N.Y. Session Law 1897, Ch. 415 §§ 2, 10. After some amendments, these requirements migrated to Section 196 of the NYLL. *People v. Vetri*, 309 N.Y. 401, 405 (1955). The requirement to pay manual workers on a weekly basis was later moved to Section 191, where we find it today. *See Truelove v. Ne. Cap. & Advisory, Inc.*, 95 N.Y.2d 220, 224 (2000) ("Then, as now, an employer was subject to both civil and criminal liability for failing to pay 'wages' as required by the statute.").

For over 100 years, workers have enforced the timely-payment requirements of the NYLL in court, particularly in matters where the employer deferred payments to workers, in whole or in part, beyond the specified timeline. *See, e.g., People v. Eureka Shipbuilding Corp.*, 59 N.Y.S.2d 332, 334 (Rec's Ct., City of Newburgh 1945) (following Attorney General's 1930 opinion that agreements to delay the payment of wages beyond that permitted by the NYLL are "void and invalid"); *La Juett v. Coty Mach. Co.*, 153 Misc. 410, 413 (Co. Ct. 1934) (deferred payment plan void pursuant to and violative of Section 196); *Seidenberg v. Duboff & Davies*, 143 Misc. 167, 169 (City Ct. 1932) (same).

12

**B. The Legislative History of the NYLL Supports *Vega's* Holding**

"Section 191, which is in article 6 of the NYLL, provides: 'A manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned.'" *Garcia*, 2024 WL 1142316, at *6 (quoting N.Y. Lab. Law § 191(1)(a)(i)). "[U]nder NYLL § 198(1-a), '[a]n employee who is 'paid less than the wage to which ... she is entitled' under the provisions of article 6 may bring a 'wage claim' ... 'to recover the full amount of any underpayment' as well as 'reasonable attorney's fees, prejudgment interest ... and, unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law,' an additional payment of 'liquidated damages equal to one hundred percent of the total amount of the wages found to be due.'" *Id.* (quoting *Zachary*, 2024 WL 554174, at *5 (quoting N.Y. Lab. Law § 198(1-a)).

"Despite *Grant's* contrary assertion, the legislative history [] supports [*Vega's*] interpretation." *Garcia*, 2024 WL 1142316, at *6; *see also Zachary*, 2024 WL 554174, at *8 ("Moreover, this Court's interpretation of the applicable legislative history supports the outcome reached in *Vega*."). Indeed, the legislative history related to the 1967 and 2010 amendments to Section 198 squarely supports *Vega*'s holding.

13

### i.    *The 1967 amendments connect § 191 claims to § 198 remedies.*

*Vega* noted that the 1967 amendment imposing liquidated damages for wage claims intended to "'also compensate the employee for the loss of the use of the money to which he was entitled.'"    *Vega*, 175 A.D.3d at 1146 n.2 (Governor's Approval Mem, Bill Jacket, L 1967, ch 310; 1967 N.Y. Legis Ann at 271). "The employee loses the use of money whether he or she is never paid, partially paid, or paid late." *Id.; see also, Jones v. Nike Retail Servs., Inc.*, No. CV 22-3343, 2022 WL 4007056, at *1 (E.D.N.Y. Aug. 30, 2022) (The late payment of wages is an especially acute, concrete harm for those workers who are generally dependent upon their wages for sustenance).

The majority in *Grant* acknowledges that the imposition of liquidated damages was meant to stop scofflaw employers who, without the threat of liquidated damages, were encouraged to "'violate[] the statute in the expectation that if they were caught, their sole obligation would be to pay the back wages without interest.'" *Grant*, 223 A.D.3d at 718 (quoting Mem. of Industrial Commissioner, Bill Jacket, L 1967, ch 310 at 4)). Yet, *Grant*'s conclusion would yield the precise result the 1967 amendments sought to avoid. That is, under *Grant*, workers paid on a biweekly basis would suffer a violation of Article 6 during the gap between pay periods. *Gottlieb v. Kenneth D. Laub & Co.*, 82 N.Y.2d 457, 463 (1993), ("The legislative history for the statute . . . reveals that the proponents and supporters of the 1967 legislation treated

14

all of the remedies in [Section] 198 as addressing the same problem (i.e., employers' violation of the wage laws), having the same objective (enhancing enforcement of the Labor Law's substantive wage enforcement provisions), and providing cumulative remedies for wage claims brought thereunder.") As a result, the injury caused by a delayed payment is precisely what the legislature sought to remedy by imposing liquidated damages.

### ii. The 2010 amendments align with Vega's determination that § 198 expressly permits liquidated damages for violations of § 191.

The "stated legislative purposes of the 2010 amendments [were] to enhance penalties for wage theft and benefit low-wage workers struggling to support their families[.]" *Zachary*, 2024 WL 554174, at *8 ("[These aims] are unquestionably better served by a private right to enforce Section 191 than by requiring injured employees to submit administrative complaints and hope for an official enforcement action."). These amendments were also intended to "allow employees 'to recover the full amount of any underpayment.'" *Id*. (quoting *Grant*, 223 A.D.3d at 719 (quotations to legislative record omitted)).

Section 191's legislative purpose aligns with these goals as it "is a police power regulation intended for the protection of those who are dependent upon their wages for sustenance." *Vetri*, 309 N.Y. at 405; *accord. People v. Bloom*, 7 Misc. 2d 1077, 1078 (City Ct. 1957) ("The purposes of [NYLL §196] was to protect the manual worker who was dependent upon the 'wages' he received weekly for his

existence."). Section 191 "provide[s] a standard of social justice." *Seidenberg v. Duboff & Davies*, 143 Misc. 167, 169 (City Ct. 1932); *accord. Strom v. Prince*, 154 Misc. 888, 890 (Mun. Ct. 1935) ("T[]he aim of the statute is social service and social justice.").

### C. Post *Grant*, Courts Have Continued to Hold That There is an Express Private Right of Action for Violations of NYLL § 191(1)(A)

Courts in this Circuit have agreed with Justice Christopher's dissent that "the late payment of wages is tantamount to a nonpayment or underpayment of wages, which permits recovery under Labor Law § 198(1–a)." *Grant*, 223 A.D.3d at 722. As recently articulated by the Hon. Vincent L. Briccetti:

> [A]n employee is underpaid within the meaning of Section 198 each time her employer is required, under Section 191, to pay her for one week of wages and instead pays her nothing on that date. Although Section 198 does not explicitly reference late wage payments, its text authorizes employees to bring "wage claims" for "underpayment[s]" violative of article 6 of the NYLL, and article 6 includes the pay frequency requirements in Section 191. Therefore, the absence of language in Section 198 addressing late payments is irrelevant.

*Zachary*, 2024 WL 554174, at *7. "This conclusion is further supported by the plain language of Section 191, which provides that '[n]o employee shall be required as a condition of employment to accept wages at periods other than as provided in this section.'" *Garcia*, 2024 WL 1142316, at *6 (quoting N.Y. Lab. Law § 191(2)); *see also Gamboa*, 2024 WL 815253, at *6; *Sarmiento*, 2024 WL 806137, at *9. "A

16

judge's belief that a manual worker should be able to agree to a different payment schedule, and that such agreement should obviate an employer's liability for failing to comply with the law, does not override an overt legislative judgment to the contrary." *Zachary*, 2024 WL 554174, at *8.

### D. Post *Grant*, Courts Have Continued to Hold That There is an Implied Private Right of Action for Violations of NYLL 191(1)(A)

"The conclusion in *Grant* that an implied private right of action would be inconsistent with the overall legislative scheme is thus similarly misplaced." *Garcia*, 2024 WL 1142316, at *6. "Under New York law, an implied private right of action can be inferred from a statute when: (i) "the plaintiff is one of the class for whose particular benefit the statute was enacted," (ii) "recognition of a private right of action would promote the legislative purpose," and (iii) "creation of such a right would be consistent with the legislative scheme." *Konkur v. Utica Academy of Science Charter School*, 38 N.Y.3d 38, 42 (2022) "[A]ll three factors must be satisfied before an implied private right of action will be recognized." *Id.*

"The *Grant* majority did not dispute that the first and second factor were satisfied when an employee is paid twice monthly in violation of Section 191[.]" *Zachary*, 2024 WL 554174, at *8. Rather, *Grant* incorrectly determined, based on the NYCOA's holding in *Konkur*, that creation of an implied private right of action would be inconsistent with the legislative scheme because 'multiple official enforcement mechanisms' exist to enforce violations of Section 191." *Id.* (quoting

*Grant*, 223 A.D.3d at 720). "However, in *Konkur*, the Court of Appeals specifically distinguished the anti-kickback statute, from which a private right could not be inferred, from the 'substantive provisions of Labor Law article 6,' like Section 191[.]" *Id*.; *see also Grant*, 223 A.D.3d at 723 ("Although the reasoning of *Konkur* does echo issues raised[] in the instant case, *Konkur* involved a different and unrelated statute.").

While not directly addressed, the NYCOA "has suggested in dicta that § 198(1-a) provides a private right of action for § 191 violations." *Bryant*, 2024 WL 3675948, at *5; *see also Konkur*, 38 NY3d at 43 (quoting *Gottlieb*, 82 NY2d at 459) ("[a]s we have made clear, the attorney's fees remedy provided for in section 198 (1-a) must relate to 'wage claims based upon violations of one or more of the substantive provisions of Labor Law article 6[.]'") Labor Law § 191 "generally regulates payment of wages by employers and creates reciprocal rights of employees[]." *Id.* Thus, *Konkur* provides there is a private right of action for violation of NYLL § 191. *Id.* at 49, n. 4. ("The majority attempts to narrow the scope of protections afforded to employees in article 6 by suggesting that section 191 contains the entirety of privately cognizable claims[.]"); *see also Bazinett*, 2024 WL 1116287, at *7 (N.D.N.Y. Mar. 14, 2024) ("Courts have repeatedly noted that *Konkur* concerned a different provision of the New York Labor Law related to kick backs.").

**E. *Grant* is "Unpersuasive" Due to the *Court's* Disregard of the Principle That NYLL Liquidated Damages are now Analogous to the FLSA**

Whereas *Grant* disregards similarities between the Fair Labor Standards Act ("FLSA") and NYLL, *Vega's* analysis discusses how the late payment of wages is an injury that would trigger the liquidated damages provisions of the FLSA:

> The First Department [in *Vega*] analogized the liquidated damages provision of the NYLL to the FLSA's liquidated damages provision, which the Supreme Court has interpreted to allow an employee to recover liquidated damages 'regardless of whether an employee has been paid wages owed before the commencement of the action.'

*Gillett v. Zara USA, Inc.*, No. 20-CIV-3734 (KPF), 2022 WL 3285275, at *11 (S.D.N.Y. Aug. 10, 2022).

Citing the unity between the FLSA and NYLL, Judge Arun Subramanian recently held that there is a private right of action for violations of the NYLL's timely pay requirements. *Bryant*, 2024 WL 3675948, at *4. In *Bryant*, Judge Subramanian relied on prior decisions of this Court which held that NYLL § 198 is "materially indistinguishable from § 216 of FLSA…and since 1945, the Supreme Court has interpreted § 216 to empower employees to do just what [p]laintiffs say they can do here: recover liquidated damages equal to the amount of wages that were paid late." *Id*. (citing *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018); *see also Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 55–57 (2d Cir. 1998); *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 700 (1945).

Judge Subramanian further reasoned the NYLL incorporated "the same language from FLSA that the Supreme Court had already interpreted as empowering employees to sue for late payments." *Bryant*, 2024 WL 3675948, at * 5 (collecting cases); *see also Rana*, 887 F.3d at 123 ("[I]t is clear that the New York State legislature rewrote its liquidated damages provision to cover the same ground as the FLSA[.]"). Thus the "logical conclusion" is that the legislature intended for NYLL § 191 to hold a private right of action. *Bryant*, 2024 WL 3675948, at * 5.

### F. The Two Courts to Follow *Grant* are Unpersuasive

The district court was presented with the conflicting decision of *Galante v. Watermark Servs. IV, LLC*, but was clearly not persuaded. No. 23-CV-06227 (FPG), 2024 WL 989704 (W.D.N.Y. Mar. 7, 2024). The major flaw of *Galante* is its failure to consider other post-*Grant*, district courts' decisions. Arguably, *Galante* is written in a legal vacuum and should not be considered persuasive.[7]

*Espinal v. Sephora USA, Inc.*, is equally unpersuasive. No. 22 CIV. 03034 (PAE)(GWG), 2024 WL 3589604, at *10 (S.D.N.Y. July 31, 2024).[8] *Espinal* focuses on the premise that a failure to pay timely could not be an "underpayment" as used in § 198. *Id.* at *4-5. This is based primarily on the court's own interpretation of the

---

[7] On June 24, 2024, the *Galante* plaintiff filed a motion for reconsideration of the March 7, 2024 order. No. 23-CV-06227, ECF No. 43. The motion is still pending.

[8] It is anticipated that the plaintiff in *Espinal* will file objections to the report and recommendation of the magistrate judge by August 28, 2024. No. 22 CIV. 03034, ECF No. 92.

relevant statutes, arguing that the legislature could not have intended enforcement. *Id.* This position not only ignores analysis in conflicting decisions, but completely disregards the legislative history outlined *supra*. In fact, *Espinal* blithely dismisses the legislative history by stating that the court's "own review of legislative history provides no support." *Id*. at *6. The Court's position further ignores the parallels between the liquidated damages provisions of FLSA and NYLL, which support finding a private right of action.

Additionally, *Espinal* reasons that *Konkur* prevented the court from finding an implied private right of action. However, both before, and after, *Grant*, district courts have held that *Konkur* doesn't lead to this result. *Grant*, 223 A.D.3d at 723 (listing cases). Moreover, as discussed, *Konkur* implies that a private right of issue exists for violations of NYLL 191. *see Konkur*, 38 NY3d at 43.

## CONCLUSION

For the foregoing reason, Petitioner's request should be denied in its entirety.

Respectfully submitted,

*/s/ Brian S. Schaffer*
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Brian S. Schaffer
Frank J. Mazzaferro
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

**RAYMOND NARDO, P.C.**
Raymond Nardo
129 Third Street
Mineola, NY 11501
Telephone: (516) 248-2121

*Attorneys for Respondent*

**CERTIFICATE OF COMPLIANCE**

This brief complies with the word limit of Fed. R. App. P. 5(c)(1) because, excluding the portions exempted by Fed. R. App. P. 32(f).

[X] this brief contains 5087 words

[ ] this brief uses monospaced type and contains [ ] lines

This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

[X] this brief has been prepared in a proportionally spaced typeface using Microsoft word in 14-point Times New Roman font; or

[ ] this brief or other document has been prepared in a monospaced typeface using [] or [ ].

Dated: August 15, 2024

<div style="margin-left: 40%;">

Respectfully submitted,

*/s/ Brian S. Schaffer*
Brian S. Schaffer
**FITAPELLI & SCHAFFER, LLP**
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

</div>

23

**APPENDIX**

i

# TABLE OF CONTENTS

**Page**

List of Employers authorized to pay manual
employees in New York State on a biweekly basis
pursuant to New York State Labor Law Section
191.1a(ii) Registered with the NYS Department
of Labor as of August 1, 2023 ............................... RA-1

Letter from Brian S. Schaffer to the Honorable Gary
R. Brown, dated July 15, 2024 ............................. RA-16

Exhibit A to Letter –
Hearing Transcript in *Zachary v. BG Retail, LLC*,
SDNY No. 22 Civ. 10521 (VB), dated
March 13, 2024........................................................ RA-19

Notice of Motion for Reargument and Leave to
Appeal in *Grant v. Global Aircraft Dispatch Inc.*,
NYS 2d Dept. No. 2021-03202, dated
February 15, 2024.................................................... RA-25

Affirmation of Abdul Karim Hassan, for Plaintiff, in
Support of Motion for Reargument and Leave to
Appeal in *Grant v. Global Aircraft Dispatch Inc.*,
NYS 2d Dept. No. 2021-03202, dated
February 15, 2024.................................................... RA-27

RA-1



**WE ARE YOUR DOL**

Employers authorized to pay manual employees in New York State on a biweekly basis pursuant to New York State Labor Law Section 191.1a(ii).

Currently Registered with the NYS Dept. of Labor as of 8/1/2023

https://dol.ny.gov/employers-authorized-pay-manual-employees-biweekly-basis

1. ABB Process Automation Inc.
   ISSUED 8/9/1990

2. Abercrombie & Fitch
   ISSUED 8/28/2008

3. ACC Operations, Inc.
   ISSUED 3/16/2005

4. ADP, Inc.
   ISSUED 5/26/1992

5. Advance Auto Stores Company, Incorporated
   ISSUED 2/6/2023

6. Advanced Meal Production LLC
   ISSUED 10/29/2018

7. American Airlines, Inc.
   ISSUED 4/15/2020

8. American Eagle Outfitters, Inc.
   ISSUED 6/12/2008

9. American Multi-Cinema, Inc.
   ISSUED 2/7/2023

10. AMF Bowling Centers,Inc.
    ISSUED 12/3/1998

11. ASQ Payroll Inc.
    ISSUED 3/19/2003

12. Automatic Data Processing, Inc.
    ISSUED 5/26/1992

13. Avon Products, Inc.
    ISSUED 1/21/1999

RA-2



Employers authorized to pay manual employees in New York State on a biweekly basis pursuant to New York State Labor Law Section 191.1a(ii).

Currently Registered with the NYS Dept. of Labor as of 8/1/2023

https://dol.ny.gov/employers-authorized-pay-manual-employees-biweekly-basis

14 .    BAE Systems Controls, Inc.
        ISSUED 4/25/2013

15 .    Ballys Total Fitness Corporation
        ISSUED 6/13/1994

16 .    Banana Republic LLC
        ISSUED 3/22/2022

17 .    Bath & Body Works, LLC
        ISSUED 2/8/2022

18 .    Bausch & Lomb Inc.
        ISSUED 9/28/1994

19 .    Bed,Bath & Beyond, Inc.
        ISSUED 11/13/2018

20 .    Best Buy Co., Inc & LLC
        ISSUED 8/16/2009

21 .    Best Buy Stores, L.P.
        ISSUED 9/17/2021

22 .    Blink Holdings
        ISSUED 5/22/2019

23 .    Bon-Ton Department Stores Inc.
        ISSUED 9/20/2004

24 .    Borders, Inc.
        ISSUED 11/19/2008

25 .    Boston Market Corporation
        ISSUED 10/4/2004

26 .    Bristol-Myers Squibb Company
        ISSUED 12/8/1994

RA-3



**Employers authorized to pay manual employees in New York State on a biweekly basis pursuant to New York State Labor Law Section 191.1a(ii).**

Currently Registered with the NYS Dept. of Labor as of 8/1/2023

https://dol.ny.gov/employers-authorized-pay-manual-employees-biweekly-basis

27 .  Broadridge Investor Communication Solutions
ISSUED 3/22/2023

28 .  Bryant & Stratton College, Inc.
ISSUED 8/16/2013

29 .  Buffalo Bills, LLC
ISSUED 7/27/2022

30 .  Burger King Corporation
ISSUED 11/27/1989

31 .  Burns International Security Services
ISSUED 3/26/1992

32 .  Cablevision Systems Corporation
ISSUED 3/18/1991

33 .  Carrols Corporation
ISSUED 10/27/1994

34 .  Charter Communications LLC
ISSUED 3/22/2023

35 .  Chase Manhattan Bank,The
ISSUED 7/7/1997

36 .  Chipotle Mexican Grill Co. LLC
ISSUED 7/11/2011

37 .  Christmas Tree Shops
ISSUED 5/17/2019

38 .  City Practice Group of New York, LLC
ISSUED 11/20/2019

39 .  Coach, Inc.
ISSUED 12/21/2016

RA-4



**WE ARE YOUR DOL**

Employers authorized to pay manual employees in New York State on a biweekly basis pursuant to New York State Labor Law Section 191.1a(ii).

Currently Registered with the NYS Dept. of Labor as of 8/1/2023

https://dol.ny.gov/employers-authorized-pay-manual-employees-biweekly-basis

40. Constellation Energy Generation, LLC
     ISSUED 10/4/2022

41. Corning Incorporated
     ISSUED 8/25/2006

42. Costco Wholesale
     ISSUED 6/4/2020

43. Cummins Inc.
     ISSUED 7/25/2013

44. CVS Pharmacy, Inc.
     ISSUED 6/22/2011

45. Delta Air Lines, Inc.
     ISSUED 8/4/1992

46. Dick's Sporting Goods, Inc.
     ISSUED 2/21/2023

47. Dollar Tree Stores, Inc.
     ISSUED 8/10/2011

48. Domino's Pizza LLC
     ISSUED 1/21/2004

49. Doyle Group, Inc., The
     ISSUED 9/26/1994

50. DSW Shoe Warehouse, Inc.
     ISSUED 2/6/2023

51. Du Pont Innografix
     ISSUED 12/10/1992

52. Du Pont Semiconductor Products, Inc.
     ISSUED 5/25/1990

RA-5



Employers authorized to pay manual employees in New York State on a biweekly basis pursuant to New York State Labor Law Section 191.1a(ii).

Currently Registered with the NYS Dept. of Labor as of 8/1/2023

https://dol.ny.gov/employers-authorized-pay-manual-employees-biweekly-basis

53 . Duane Reade
ISSUED 3/25/2010

54 . Eastman Kodak
ISSUED 2/28/1990

55 . Effective Security Systems, Inc.
ISSUED 9/9/1999

56 . ELRAC, Inc.
ISSUED 8/8/2002

57 . Endeavor Air
ISSUED 5/7/2021

58 . Enserch Corporation
ISSUED 9/8/1993

59 . Equinox Holdings, Inc.
ISSUED 4/17/2023

60 . Family Dollar
ISSUED 2/6/2023

61 . Fay's Incorporated
ISSUED 6/16/1997

62 . Five Below
ISSUED 7/27/2022

63 . Flagstar Companies, Inc. d/b/a Denny's
ISSUED 7/7/1997

64 . Foot Locker Inc. (FKA Woolworth)
ISSUED 2/6/1990

65 . Forrest Solutions, Inc.
ISSUED 8/9/2016

RA-6



WE ARE YOUR DOL

**Employers authorized to pay manual employees in New York State on a biweekly basis pursuant to New York State Labor Law Section 191.1a(ii).**

Currently Registered with the NYS Dept. of Labor as of 8/1/2023

https://dol.ny.gov/employers-authorized-pay-manual-employees-biweekly-basis

66 . Friendly Ice Cream Corporation
ISSUED 11/27/1989

67 . Gannett Co., Inc.
ISSUED 10/30/2001

68 . Gannett Satellite Information Network, Inc.
ISSUED 4/21/2004

69 . Gannett Suburban Newspapers
ISSUED 1/2/1996

70 . Gap, Inc., The
ISSUED 10/12/1993

71 . GEICO
ISSUED 11/15/1999

72 . General Electric Company
ISSUED 10/31/2006

73 . Genovese Drugs, Inc.
ISSUED 1/18/2000

74 . GlaxoSmithKline
ISSUED 11/3/2009

75 . GlobalFoundaries U.S. Inc.
ISSUED 1/12/2015

76 . GlobalFoundries U.S. 2 LLC
ISSUED 3/22/2022

77 . Government Employees Insurance Company (GEICO)
ISSUED 11/15/1999

78 . GTE Telephone Operations
ISSUED 3/22/1994

RA-7



WE ARE YOUR DOL

NEW YORK STATE OF OPPORTUNITY. Department of Labor

Employers authorized to pay manual employees in New York State on a biweekly basis pursuant to New York State Labor Law Section 191.1a(ii).

Currently Registered with the NYS Dept. of Labor as of 8/1/2023

https://dol.ny.gov/employers-authorized-pay-manual-employees-biweekly-basis

79 . Harris Corporation / RF Communications Div.
ISSUED 7/9/1997

80 . Health & Tennis Corporation of America
ISSUED 6/13/1994

81 . Home Health Care Services  of New York, Inc.
ISSUED 6/10/2011

82 . Honeywell International, Inc.
ISSUED 4/11/2007

83 . Hook-SupeRx, Inc.
ISSUED 9/26/1994

84 . Hughes Training, Inc.
ISSUED 10/12/1995

85 . Hyatt Hotels and Resorts
ISSUED 12/20/1994

86 . IBM
ISSUED 8/14/1989

87 . IKON Office Solutions, Inc.
ISSUED 8/27/2001

88 . International Business Machines Corporation
ISSUED 8/14/1989

89 . ITT Corp.
ISSUED 11/18/2009

90 . J. C. Penney Company, Inc.
ISSUED 2/19/1993

91 . J. P. Morgan and Company, Inc.
ISSUED 11/22/1989

RA-8



Employers authorized to pay manual employees in New York State on a biweekly basis pursuant to New York State Labor Law Section 191.1a(ii).

Currently Registered with the NYS Dept. of Labor as of 8/1/2023

https://dol.ny.gov/employers-authorized-pay-manual-employees-biweekly-basis

92 .   JetBlue
       ISSUED 2/6/2023

93 .   Jo-Ann Stores, LLC
       ISSUED 9/17/2021

94 .   Jones Lang LaSalle Americas, Inc.
       ISSUED 11/25/2022

95 .   KB Toys Retail, Inc.
       ISSUED 8/6/2008

96 .   Kraft General Foods, Inc.
       ISSUED 10/20/1994

97 .   Lidl US Operations, LLC
       ISSUED 10/24/2022

98 .   Life Quality Home Care, Inc.
       ISSUED 5/24/2019

99 .   Lowe's Home Centers, Inc.
       ISSUED 4/6/1999

100.   Lufthansa
       ISSUED 8/28/2008

101.   McCrory Corporation D.I.P.
       ISSUED 8/8/1994

102.   McCurdy & Company
       ISSUED 5/22/1991

103.   McGraw-Hill Companies, The
       ISSUED 5/23/2000

104.   Michaels Stores, Inc.
       ISSUED 11/24/2021

RA-9



WE ARE YOUR DOL

NEW YORK STATE OF OPPORTUNITY | Department of Labor

Employers authorized to pay manual employees in New York State on a biweekly basis pursuant to New York State Labor Law Section 191.1a(ii).

Currently Registered with the NYS Dept. of Labor as of 8/1/2023

https://dol.ny.gov/employers-authorized-pay-manual-employees-biweekly-basis

105. Mobil Chemical Company
ISSUED 11/7/1991

106. Mobil Oil Corporation
ISSUED 10/19/1993

107. Motorola, Inc.
ISSUED 11/9/1998

108. Nalge Nunc International Corporation
ISSUED 2/21/2023

109. Nature's Bounty
ISSUED 4/4/2019

110. New York & Company (Lerner)
ISSUED 5/15/2019

111. New York Life Insurance Company
ISSUED 10/27/1994

112. NIKE Retail Services, Inc.
ISSUED 3/22/2023

113. Nomura Holding America Inc.
ISSUED 10/2/2008

114. Nordstrom Inc.
ISSUED 6/12/2015

115. NYSE/Euronext
ISSUED 6/14/2010

116. Old Navy LLC
ISSUED 3/22/2022

117. OneSource Facility Services, Inc.
ISSUED 4/13/2001

RA-10



**WE ARE YOUR DOL**

NEW YORK STATE OF OPPORTUNITY | Department of Labor

Employers authorized to pay manual employees in New York State on a biweekly basis pursuant to New York State Labor Law Section 191.1a(ii).

Currently Registered with the NYS Dept. of Labor as of 8/1/2023

https://dol.ny.gov/employers-authorized-pay-manual-employees-biweekly-basis

118. Ortho Clinical Diagnostics, Inc.
ISSUED 4/14/2015

119. OS Restaurant Services, LLC
ISSUED 12/20/2022

120. Ottaway Newspapers, Inc.
ISSUED 6/14/1995

121. P.C. Richard & Son
ISSUED 8/24/2022

122. Pactiv Corporation
ISSUED 7/30/2010

123. Pall Corporation
ISSUED 5/3/2004

124. Panera LLC
ISSUED 3/16/2010

125. Paragon Communications, Northeast Division
ISSUED 6/16/1994

126. Party City Corporation
ISSUED 11/16/2017

127. Payroll Store, The
ISSUED 8/3/1998

128. Petco Animal Supplies Stores, Inc.
ISSUED 8/24/2022

129. Philips Semiconductor Manufacturing, Inc.
ISSUED 12/6/2001

130. Pinkerton's Inc.
ISSUED 5/10/1990

RA-11



WE ARE YOUR DOL

NEW YORK | Department of Labor

Employers authorized to pay manual employees in New York State on a biweekly basis pursuant to New York State Labor Law Section 191.1a(ii).

Currently Registered with the NYS Dept. of Labor as of 8/1/2023

https://dol.ny.gov/employers-authorized-pay-manual-employees-biweekly-basis

131. PriceCostco, Inc. d/b/a Price Club
ISSUED 6/27/1994

132. Prime Automotive Group, Inc.
ISSUED 8/21/2019

133. Quad/Graphics, Inc.
ISSUED 5/22/1995

134. Quest Diagnostics Incorporated
ISSUED 12/29/2022

135. Regeneron Pharmaceuticals, Inc.
ISSUED 10/1/2021

136. Rochester Gas and Electric Corporation
ISSUED 5/31/1994

137. Sanmina-SCI Corporation
ISSUED 9/23/2002

138. Sarah Lee Corporation
ISSUED 3/29/1995

139. Sears,Roebuck and Co.
ISSUED 5/19/1999

140. Sephora
ISSUED 3/22/2023

141. Simpson Thacher & Bartlett
ISSUED 9/27/1993

142. SNORAC, LLC. d/b/a Enterprise Rent-A-Car
ISSUED 3/27/2018

143. Southern Wine & Spirits of America, Inc.
ISSUED 6/6/1995

RA-12



Employers authorized to pay manual employees in New York State on a biweekly basis pursuant to New York State Labor Law Section 191.1a(ii).

Currently Registered with the NYS Dept. of Labor as of 8/1/2023

https://dol.ny.gov/employers-authorized-pay-manual-employees-biweekly-basis

144. Staffworks
ISSUED 10/14/2009

145. Sugarcreek Corporation
ISSUED 3/31/1993

146. Target Corporation
ISSUED 1/21/2004

147. TD Bank, N.A.
ISSUED 10/5/2022

148. Temco Service Industries, Inc.
ISSUED 3/22/2010

149. Tenneco Packaging
ISSUED 4/6/1999

150. Tenneco Plastics Inc.
ISSUED 4/6/1999

151. TGI Friday's Inc.
ISSUED 12/21/1993

152. The Cheesecake Factory
ISSUED 1/30/2023

153. The Gap, Inc.
ISSUED 3/22/2022

154. The Progressive Casualty Insurance Company
ISSUED 12/2/2022

155. Thomson Legal Publishing Inc.
ISSUED 9/27/1993

156. Tiffany and Company
ISSUED 4/26/2023

RA-13



Employers authorized to pay manual employees in New York State on a biweekly basis pursuant to New York State Labor Law Section 191.1a(ii).

Currently Registered with the NYS Dept. of Labor as of 8/1/2023

https://dol.ny.gov/employers-authorized-pay-manual-employees-biweekly-basis

157. TL Restaurants d.b.a. Denny's
ISSUED 6/18/2009

158. T-Mobile USA, Inc.
ISSUED 4/13/2022

159. Top Line Restaurants, Inc
ISSUED 6/11/2009

160. Toshiba Display Devices Inc.
ISSUED 1/11/1991

161. Toys R Us, Delaware, Inc T/A Toys R Us
ISSUED 9/4/2008

162. Tractor Supply Co.
ISSUED 9/17/2019

163. Trader Joe's Company
ISSUED 12/8/2009

164. Travelers Indemnity Company
PENDING, (received 6/16/2023)

165. Ulta Salon, Cosmetics & Fragrances, Inc.
ISSUED 7/16/2018

166. United Artists Theatre Circuit,Inc.
ISSUED 11/23/1998

167. United Staffing, Inc.
ISSUED 12/10/1992

168. USAir Inc. (US Airways)
ISSUED 9/17/1992

169. Veolia Transportation, Inc.
ISSUED 1/28/2014

RA-14



Employers authorized to pay manual employees in New York State on a biweekly basis pursuant to New York State Labor Law Section 191.1a(ii).

Currently Registered with the NYS Dept. of Labor as of 8/1/2023

https://dol.ny.gov/employers-authorized-pay-manual-employees-biweekly-basis

170.   Victoria's Secret
       ISSUED 1/7/2021

171.   Victoria's Secret Stores, Inc.
       ISSUED 1/7/2021

172.   Walgreen Eastern Co., Inc.
       ISSUED 6/3/2022

173.   Walgreen Pharmacy Services Midwest LLC
       ISSUED 6/3/2022

174.   Wal-Mart Stores, Inc.
       ISSUED 9/30/1993

175.   Welch Allyn, Inc.
       ISSUED 1/12/2011

176.   Wendy's International, LLC
       ISSUED 2/6/1996

177.   Whole Foods Markets Group
       ISSUED 4/27/2012

178.   Wilmington Trust N.A.
       ISSUED 6/5/2023

179.   Worldwide Flight Services
       ISSUED 12/14/2009

180.   Worldwide Flight Services, Inc.
       ISSUED 3/22/2023

181.   Xpedx
       ISSUED 9/6/2001

182.   Zara USA, Inc.
       ISSUED 9/23/2021

RA-15



Employers authorized to pay manual employees in New York State on a biweekly basis pursuant to New York State Labor Law Section 191.1a(ii).

Currently Registered with the NYS Dept. of Labor as of 8/1/2023

https://dol.ny.gov/employers-authorized-pay-manual-employees-biweekly-basis

RA-16

 FITAPELLI & SCHAFFER

28  Liberty Street, 30th Floor • New  York,  NY  10005
Telephone: (212) 300-0375 • Facsimile: (212) 481-1333 • www.fslawfirm.com

July 15, 2024

**VIA ECF**
Hon. Gary R. Brown, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Room 840
Central Islip, New York 11722

<div align="center">Re: <u><em>Birthwright v. Advanced Auto Parts – No. 22-cv-0593</em></u></div>

Dear Judge Brown:

Our firm, along with Raymond Nardo, P.C., represent Plaintiff and the putative class in the above referenced matter. We write in opposition to Defendant's pre-motion request to amend the Court's June 27, 2024 Order "(Order")" to include a statement certifying the Order for interlocutory appeal pursuant to 28 U.S.C. §1292(b). Dkt. No. 67. Defendant will be unable to meet their burden and establish there is a substantial ground for difference of opinion with respect to whether there is a private right of action for violations of the timely pay requirements of the New York Labor Law ("NYLL"). Moreover, prior to the recent Second Department decision, this Court denied interlocutory certification in a similar matter. *See Caccavale v. Hewlett Packard*, No. 20 Civ. 974 (GRB) (JMW), Minute Entry Dated Feb. 2, 2021 (E.D.N.Y.) (denying motion to certify interlocutory appeal because there was no basis "to establish that this issue presents any 'substantial ground for difference of opinion,'" as "district courts that have addressed this issue have reached the same conclusion").

## I.      Standard pursuant to 28 U.S.C. §1292(b).

"Section 1292(b) permits a court to certify an order for interlocutory appeal when the court is 'of the opinion that [the] order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" *Caul v. Petco Animal Supplies, Inc.*, No. 20CV3534RPKSJB, 2021 WL 6805889, at *1 (E.D.N.Y. Dec. 22, 2021) (quoting 28 U.S.C. § 1292(b)). "The party seeking certification bears the burden of showing all three prongs are met." *Id*. (citation omitted). "But even where Section 1292(b)'s requirements are met, 'the certification decision is entirely a matter of discretion for the district court.'" *Caul*, 2021 WL 6805889, at *1 (quoting *In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 36 (2d Cir. 2014)).

Fitapelli & Schaffer, LLP
July 15, 2024
Page **2** of 3

## II. **Defendant cannot meet their burden**.

A majority of courts[1] in this Circuit, including this Court, have continued hold that "the New York Court of Appeals would agree with the holding of *Vega*[2] and find that NYLL §§ 191 and 198 appear to provide for a private right of action." *Birthwright v. Advance Stores Co., Inc.*, No. CV 22-593 (GRB)(ST), 2024 WL 3202973, at *2 (E.D.N.Y. June 27, 2024). Thus, there is not substantial ground for difference of opinion warranting interlocutory certification.

Based on the near unanimous decisions finding *Vega* persuasive, courts have denied similar requests for interlocutory certification. In that regard, in denying a similar request, the Honorable Vincent L. Briccetti reasoned that there was no "…substantial ground for a difference of opinion because every federal court, including this one, to consider the question has agreed with *Vega*…" **Exhibit ("Ex.") A**, *Zachary v. BG Retail, LLC*, No. 22 Civ. 10521 (VB), March 13, 2024, Hearing Transcript ("Transcript") at 4:3-25; *see also Caul*, 2021 WL 6805889, at *1 (E.D.N.Y. Dec. 22, 2021) (interlocutory certification not appropriate where "defendants have not identified persuasive evidence that the New York Court of Appeals would reach a different conclusion than *Vega*.")

More recently, the Honorable Eric N. Vitaliano, relying on *Zachary*, denied a defendant's request for interlocutory certification holding that:

> Despite the split between the less-than convincing holding of the Second Department and that of the First Department, one would be hard pressed to say that there is "substantial ground for difference of opinion," where the weight of authority leans almost unanimously in favor of the existence of a private right of action under § 191.

*Levy v. Endeavor Air Inc.*, No. 121CV4387(ENV)(JRC), 2024 WL 1422322, at *2 (E.D.N.Y. Mar. 29, 2024).

Moreover, Defendant's argument that an order certifying the issue will materially advance the ultimate termination of the litigation is unpersuasive. In *Zachary*, Judge Briccetti cast doubt as to whether interlocutory certification was appropriate:

> [t]he Second Circuit has really nothing to resolve. There is no dispute within the circuit. The only thing that the Second Circuit could do, if it wanted to, is take the appeal and then punt the appeal to the State Court of Appeals, which it might do, but the better way to go is for the State Court of Appeals to decide the case based on an appeal of a state court decision, which is the normal, ordinary way in which it does things.

---

[1] "District courts sitting in this Circuit have had the opportunity to weigh-in on *Grant* and address the split in authority—all but one have continued to follow *Vega* as the predominate authority and predict that the Court of Appeals is more likely to adopt the First Department's conclusion." *Covington v. Childtime Childcare, Inc.*, No. 1:23-CV-710 (BKS/MJK), 2024 WL 2923702, at *4 (N.D.N.Y. June 10, 2024)

[2] 175 A.D.3d 1144 (N.Y. App. Div. 1st Dept. 2019)

RA-18

Fitapelli & Schaffer, LLP
July 15, 2024
Page **3** of **3**


**Ex. A**, Transcript at 6:3-11.

\*     \*     \*

Accordingly, we respectfully request that the Court deny Defendant's request in its entirety.



Respectfully submitted,

*Brian S. Schaffer*

Brian S. Schaffer

Cc: Counsel of record (via ECF)

RA-19

# EXHIBIT A

```
 1    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 2    ----------------------------------x

 3    TOVA ZACHARY, Individually and on
      Behalf of others similarly situated,
 4
                     Plaintiff,
 5
                  v.                            22 CV 10521(VB)
 6
                                                   DECISION
 7    BG RETAIL, LLC,

 8                   Defendant.

 9    ----------------------------------x

10                                         United States Courthouse
                                           White Plains, N.Y.
11                                         March 13, 2024

12

13

14

15

16    Before:  THE HONORABLE VINCENT L. BRICCETTI, District Judge

17

18

19                          APPEARANCES

20

21    LEEDS BROWN LAW, P.C.
           Attorneys for Plaintiff
22    BRETT R. COHEN

23
      OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
24         Attorneys for Defendant
      KELLY CARDIN
25
```

**RA-21**

1    Appeals decision or legislative action, but, like I say, go

2    forward with the case.

3            The second option is the one that I've decided to

4    adopt.  There's a statute, of course, that addresses this,

5    which addresses the question of interlocutory appeal.  It's 28,

6    United States Code, Section 1292(b), which says, "When a

7    district judge, in making in a civil action an order not

8    otherwise appealable under this section" -- and certainly this

9    would be such an order -- "shall be of the opinion that such

10   order involves a controlling question of law as to which there

11   is substantial ground for difference of opinion and that an

12   immediate appeal from the order may materially advance the

13   ultimate termination of the litigation, he shall so state in

14   writing in such order."

15           So, in my view, first of all, I don't believe there a

16   substantial ground for a difference of opinion because every

17   federal court, including this one, to consider the question has

18   agreed with Vega, the First Department decision from I believe

19   2019, 2020.

20           What was the year of Vega?

21           MR. COHEN:  '19, your Honor.

22           THE COURT:  2019.

23           Every federal court since Vega has agreed with Vega,

24   every single one, including after the Grant decision, which was

25   decided in January.  So, after Grant, I decided my case.

                    CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
                              (914) 390-4103

RA-22

1    I believe it was Judge Karas who decided the Gamboa

2    case, G-A-M-B-O-A, which is 2024 WL 815523, and he agreed with

3    me and agreed that the likelihood is that the New York State

4    Court of Appeals would agree with Vega, which is what I have to

5    do.  Basically I'm being called upon to predict what the Court

6    of Appeals will do and I predicted it.  I'm not saying that the

7    defendant's argument is frivolous.  It certainly is not

8    frivolous, but, you know, I have to pick one position or the

9    other and I looked at it carefully and solicited additional

10   briefing from counsel and, at the end of the day, I decided

11   that Grant is wrong and Vega is right, or, more particularly,

12   that the likelihood is that the New York State Court of Appeals

13   will agree with Vega, not Grant.  Judge Karas came to the same

14   conclusion in the Gamboa case.

15         And then there's another case, Sarmiento, 2024 WL

16   806137.  Likewise -- I don't remember who the district judge

17   was in that case, but, likewise, in that case, the district

18   judge said no, that Vega is the better decided decision and,

19   therefore, the likelihood is that the State Court of Appeals

20   will follow Vega rather than Grant.

21         I did find another case.  Maybe you're aware of it.

22   A case named Urena.  I actually don't have the cite in front of

23   me, but the District Judge, Judge Marrero, did not decide the

24   question -- did not decide the motion to dismiss in the same

25   context as all these other cases, but simply directed the

1   parties to address the question of whether there should be an

2   interlocutory appeal.  And again, that's not a frivolous

3   approach, but I just don't see the point of that.  What would

4   the Second Circuit do?  The Second Circuit has really nothing

5   to resolve.  There is no dispute within the circuit.

6          The only thing that the Second Circuit could do, if

7   it wanted to, is take the appeal and then punt the appeal to

8   the State Court of Appeals, which it might do, but the better

9   way to go is for the State Court of Appeals to decide the case

10  based on an appeal of a state court decision, which is the

11  normal, ordinary way in which it does things.

12          MS. CARDIN:  Your Honor, I don't mean to interrupt

13  you, but --

14          THE COURT:  Well, you are interrupting.  Go ahead.

15          MS. CARDIN:  Thank you, your Honor.

16          I just wanted to make sure your Honor was aware of a

17  Western District decision from last week, Galante v. Watermark

18  Services.  So this is a decision that came out on March 7.  And

19  our reply in connection with this briefing is due I believe

20  tomorrow, so we were going to provide you with some additional

21  authority, but, in that case --

22          THE COURT:  I don't need a reply in this case, but go

23  ahead.  What's Galante?  I just Shepardized this this morning,

24  or cite checked this morning.  I didn't see that.

25          Is that in Westlaw, this case?

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914) 390-4103

RA-24

1    MS. CARDIN:  I don't know if it's it on Westlaw, but

2    it is a decision from the Honorable Frank Geraci of the Western

3    District.  And that case follows Grant, not Vega.  So there is

4    a difference of opinion at this point.

5    And I also believe the other case that you mentioned

6    that's not Regeneron, and I can find the precise name for you,

7    but I think that's a magistrate judge's ruling, which --

8    THE COURT:  Adopted by a district judge, right?

9    MS. CARDIN:  Okay.  I wasn't sure if it had been

10   adopted.

11   THE COURT:  And by the way, even if it's a magistrate

12   judge, the point is they agreed with Vega and disagreed with

13   Grant.

14   I appreciate that, but, in my opinion, it doesn't

15   change my basic point, which is that I feel very confident that

16   the New York State Court of Appeals will agree with Vega, not

17   with Grant.  Again, you know, Vega's been analyzed again and

18   again and again.  If there is a case which I'm not familiar

19   with, that's fine.  I guess that does create a split of

20   authority among district courts within the circuit, but it's

21   still not -- you can have a seat -- it's still not a split of

22   authority regarding a federal question, it's a split of

23   authority regarding a state law question, a pure question of

24   state law which is percolating through the state courts and

25   will presumably make its way to the Court of Appeals.

CHRISTINA M. ARENDS-DIECK, RPR, RMR, CRR
(914) 390-4103

FILED: APPELLATE DIVISION - 2ND DEPT 02/15/2024 08:24 PM          2021-03202
NYSCEF DOC. NO. 24                                    RECEIVED NYSCEF: 02/15/2024

**NEW YORK STATE SUPREME COURT**
**APPELLATE DIVISION, SECOND DEPARTMENT**

| | |
|---|---|
| Besante Fitzgerald Grant,<br>*Individually, and on behalf of all others similarly situated,*<br><br>*Plaintiff-Appellant,*<br>-v-<br><br>Global Aircraft Dispatch Inc.,<br><br>*Defendant-Respondent.* | **Appellate Division<br>Docket No. 2021-03202<br>Sup. Court Index No.<br>720074/2019**<br><br><u>**NOTICE OF MOTION**</u><br>**(Motion for Reargument and Leave to Appeal To The New York Court of Appeals)** |

  **PLEASE TAKE NOTICE**, that upon the annexed affirmation of Abdul K. Hassan, Esq., dated February 15, 2024, and the exhibits annexed thereto, and upon all of the pleadings and proceedings heretofore had herein, Plaintiff-Appellant, Besante Fitzgerald Grant ("Plaintiff"), will move this Court, at a Motion Part thereof, at the Courthouse located at 45 Monroe Place, Brooklyn, NY 11201, on Monday, March 18, 2024 at 10:00 a.m., or as soon thereafter as counsel can be heard, for an order:

(i)  granting Plaintiff reargument pursuant to the Rules of this Court including 22 NYCRR § 1250.16(d), as to this Court's January 17, 2024 decision and order and as to the points set forth in the affirmation of Plaintiff's Counsel Abdul K. Hassan; and

RA-26

(ii) granting Plaintiff leave to appeal to the New York Court of Appeals pursuant to CPLR § 5602 and 22 NYCRR § 1250.16(d), from this Court's January 17, 2024 Decision and Order which was final, that affirmed the Supreme Court's grant of Defendant's motion to dismiss the Complaint, and as to issues set forth in the affirmation of Plaintiff's Counsel Abdul K. Hassan;

(iii) and for such other and further relief in Plaintiff's favor as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE,** that pursuant to CPLR 2214(b), answering papers, and any notice of cross-motion with supporting papers, if any, must be served at least seven (7) days before the return date of this motion.

**Dated: Queens Village, New York**
      **February 15, 2024**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff-Appellant Besante Fitzgerald Grant*
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000

RA-27

**NEW YORK STATE SUPREME COURT**
**APPELLATE DIVISION, SECOND DEPARTMENT**

| | |
|---|---|
| Besante Fitzgerald Grant,<br>*Individually, and on behalf of all others similarly*<br>*situated,*<br><br><br>*Plaintiff-Appellant,*<br><br>-v-<br><br><br>Global Aircraft Dispatch Inc.,<br><br>*Defendant-Respondent.* | **Index #: 720074/2019**<br>**Appellate Division**<br>**Docket No. 2021-03202**<br><br>**AFFIRMATION OF PLAINTIFF'S**<br>**COUNSEL HASSAN IN SUPPORT**<br>**OF PLAINTIFF'S MOTION FOR**<br>**REARGUMENT AND LEAVE TO**<br>**APPEAL TO THE NYS COURT OF**<br>**APPEALS** |

I, Abdul Karim Hassan, declare and affirm under the penalty of perjury including pursuant to CPLR § 2106 as follows:

1.  I am the attorney for Plaintiff-Appellant Besante Fitzgerald Grant ("Plaintiff"), in the above-entitled action, am a member of the Bar of the State of New York and duly admitted to practice before this Court.

2.  I make this affirmation in support of Plaintiff's motion for reargument and leave to appeal to the New York Court of Appeals on the basis of my familiarity with the facts and circumstances of the case, the records, papers and pleadings, my investigation into the matter and upon information and belief.

## I. FACTUAL AND PROCEDURAL BACKGROUND

3.  Plaintiff filed a wage complaint in this action on November 28, 2019 – asserting several claims including a claim seeking several types of recovery under NYLL § 198 because he was a manual worker who was paid later than weekly by Defendant in violation of NYLL § 191(1)(a)(i). (R64-R74).

RA-28

4. In lieu of filing an answer, Defendant on September 8, 2020, pursuant to NY CPLR § 3211, filed a motion to dismiss the complaint including on the basis that there was no private right of action for violation of the weekly pay requirements of NYLL § 191. (R15-R309).

5. On April 20, 2021, the Supreme Court granted Defendant's motion and dismissed the complaint in its entirety. (R8-R14).

6. A notice of appeal was timely filed on May 5, 2021. (R1-R7). (ECF No. 1).

7. On January 17, 2024, this Court issued its decision affirming the ruling of the trial court. (Ex. B). (ECF No. 23).

8. A copy of Plaintiff's opening appellate brief is attached hereto as Exhibit C. (ECF No. 8).

9. A copy of Defendant's opposing appellate brief is attached hereto as Exhibit D. (ECF No. 13).

10. A copy of Plaintiff's reply appellate brief is attached hereto as Exhibit E. (ECF No. 16).

11. Plaintiff now moves this Court for reargument, and for leave to appeal to the New York Court of Appeals.

12. If the relief requested by Plaintiff on reargument is not granted, leave to appeal to the New York Court of Appeals should be granted as to all issues as set forth below, for review by the NY Court of Appeals.

RA-29

13. No prior motion for reargument or leave to appeal to the New York Court of Appeals was made in this action.

14. In terms of organization, we will first address the points we believe were overlooked or misapprehended by this Court. We will then address the issues as to which leave to appeal to the New York Court of Appeals is being sought.

## II.    POINTS FOR REARGUMENT

**(A) POINT ONE FOR REARGUMENT: THIS COURT MISAPPREHENDED AND OVERLOOKED THE FACT THAT AN ILLEGAL WAGE AGREEMENT OR PRACTICE/POLICY IS NOT A VALID LEGAL DEFENSE UNDER NYLL AND AS TO THE NYLL CLAIMS HEREIN**

15. In its January 17, 2024 order in *Grant v. Glob. Aircraft Dispatch, Inc.*, No. 2021-03202, 2024 WL 172900, at 3 (2d Dep't, 2024), this Court held in relevant apart as follows:

> The First Department's reasoning that the "moment an employer fails to pay wages in compliance with section 191(1)(a), the employer pays less than what is required" (Vega v. CM & Assoc. Constr. Mgt., LLC, 175 A.D.3d at 1145, 107 N.Y.S.3d 286), seems to be based upon the premise that a payment was due after the first week of the biweekly pay period and that the employer therefore failed to pay the wages due after that first week. However, where an employer uses a regular biweekly pay schedule, that employer's payment of wages is due, under the employment agreement between the employer and an employee, every two weeks. Such an agreed-upon pay schedule between an employer and a manual worker violates the frequency of payments requirement (see Labor Law § 191[2]), but is not equivalent, in our view, with a nonpayment or underpayment of wages subject to collection with an additional assessment of liquidated damages. The employer's payment of full wages on the regular payday is crucial and distinguishes this case from federal cases under the Fair Labor Standards Act in which courts have concluded that employers were liable for liquidated damages for violating the prompt payment requirement implied in that law by, for example, paying overtime compensation two years after it was earned (see Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 700, 707–708, 65 S.Ct. 895, 89 L.Ed. 1296), or failing to pay on the regular payday (see Biggs v. Wilson, 1 F.3d 1537, 1538 [9th Cir.]; cf. Rogers v. City of Troy, N.Y., 148 F.3d 52, 55–57 [2d Cir.]).

RA-30

16. By way of clarification and unlike NYLL § 191, the FLSA does not contain any provision requiring employers to pay manual workers weekly – as such, a biweekly payroll may not violate the FLSA but would certainly violate NYLL § 191 as to manual workers – the actual critical distinction between the FLSA and NYLL when viewed in the proper context – a clarification and distinction that requires a reversal of this Court's ruling.

17. At the outset, it appears that this Court, including through its agreement with *Brooklyn Savings*, *Biggs*, and *Rogers*, did in fact find an express private right of action for a violation of the manual worker pay requirements in NYLL § 191(1)(a)(i), but the Court recognized a limited payment affirmative defense where the wages were paid in accordance with an employment agreement and not later than biweekly[1].

18. For example, it appears that this Court found an expressed private right of action for violation of the weekly pay requirements set forth in NYLL 191 if Plaintiff was paid every three weekly as opposed to every biweekly. Legally and logically, if an expressed right of action exists for paying every three weeks, then an expressed private right of action based on same language, same statute, same legislation exists where manual workers are paid biweekly – allowing the employer to escape liability if payment is made in accordance with a biweekly pay agreement is simply a form of the payment affirmative defense set forth in CPLR 3018(b)( and really had nothing to do with a right of action in the first instance. By way of

---

[1] The Court's holding that the manual worker claim can be defeated if payment is made in accordance with a biweekly payroll is best characterized as an affirmative because payment under CPLR § 3018(b) is an affirmative defense. See *Manginaro v. Nassau Cty. Med. Ctr.*, 123 A.D.2d 842, 507 N.Y.S.2d 455, 456 (1986) ('The Court of Appeals has recently stated that "'release' and 'payment' are affirmative defenses required by CPLR 3018(b)"'). See also *Hill v. St. Clare's Hosp.*, 67 N.Y.2d 72, 83– 84, 490 N.E.2d 823, 830 (1986).

4

RA-31

further example, to say that there is no private right of action to bring a claim more than 6 years after it was accrued, is in actuality a statement about the statute of limitations affirmative defense that is very different from the existence of a private right of action in the first instance. We respectfully ask this Court to address this oversight and misapprehension of a private right of action versus affirmative defense, as such clarification and correction on this issue which is at the foundation herein can lead to a reversal of this Court's ruling. Notably, a Plaintiff does not have to plead or prove an affirmative defense including the affirmative defense of payment.

19. In any event, the Court overlooked/misapprehended and did not address the fact that NYLL § 191(2) specifically prohibits waiver of the weekly pay requirements set forth under NYLL § 191 and that any such agreement or practice that waives or violates the requirements of NYLL § 191 is specifically made unlawful and prohibited by NYLL § 191(2) and cannot be a legally valid defense to the claims herein.

20. See i.e. *Craig v. State of Missouri*, 29 U.S. 410, 436–37, 7 L. Ed. 903 (1830) ("The consideration on which the agreement was founded being illegal, the agreement was void. The books, both of Massachusetts and New York, abound with cases to the same effect.").

21. See also *Stone v. Freeman*, 298 N.Y. 268, 270–71, 82 N.E.2d 571, 572 (1948) (New York Court of Appeals holding that "It is the settled law of this State (and probably of every other State) that a party to an illegal contract cannot ask a court of law to help him carry out his illegal object, nor can such a person plead or prove in any court a case in which he, as a basis for his claim, must show forth his illegal purpose.").

22. NYLL § 191(1)(a)(i) requires weekly pay for manual works and states in relevant part as follows:

> Manual worker.--- (i) A manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned;

23. NYLL § 191(2) states in relevant part as follows:

> No employee shall be required as a condition of employment to accept wages at periods other than as provided in this section.

24. This rule of prohibiting employees and employers from waiving certain protections under the labor law is well settled in wage jurisprudence and is even codified in certain other sections of NYLL, including NYLL § 663(1) which states in relevant part as follows:

> Any agreement between the employee, and the employer to work for less than such wage shall be no defense to such action.

25. Similarly, an illegal agreement that violates NYLL § 191 cannot be a defense to the claims in this action in light of NYLL § 191(2) which clearly states that "No employee shall be required as a condition of employment to accept wages at periods other than as provided in this section." It is respectfully requested that this Honorable Court address this point upon reargument.

26. By way of reinforcement, following this Court's decision on January 17, 2024, the court in *Tova Zachary, v. BG Retail, LLC,* No. 22 CV 10521 (Judge Briccetti), 2024 WL 554174, at 8 (S.D.N.Y. Feb. 12, 2024), addressed this issue in the context of this Court's decision here in *Grant* and stated in relevant part as follows:

> In fact, the plain language of Section 191 discredits the Grant court's view that Section 198's enforcement mechanism is not triggered when an employer and manual worker agree to a biweekly payment schedule. NYLL Section 191(2) provides that "[n]o employee shall be required as a condition of employment to accept wages at periods other than as provided in this section." A judge's belief that a manual worker should be able to agree to a different payment schedule, and that such agreement should obviate an employer's liability for failing to comply with the law, does not override an overt legislative judgment to the contrary.

27. Under this Court's decision which did not address the argument above, a defendant who violates the weekly pay requirements of NYLL § 191 can rise in court and assert as a defense, the fact that it had an *illegal* agreement that *violated* the law – this result is not only contrary to settled law, but appears to be highly illogical, and it is therefore reasonable to conclude that it was not intended by this Court and should be corrected upon reargument.


**(B) <u>POINT TWO FOR REARGUMENT</u>: THIS COURT RELIED HEAVILY ON LEGISLATIVE HISTORY AND THE MOST RECENT LEGISLATIVE ACTION, WHEN VIEWED IN PROPER CONTEXT, FURTHER SUPPORTS PLAINTIFF'S INTERPRETATION**

28. Although legislative history is not part of the statute and is not a substitute for statutes such as NYLL § 191(2), as is sometimes the case, this Court here in *Grant* relied on legislative history to determine whether Article 6 provides a private right of action for violation of the weekly pay requirement of NYLL § 191(1)(a)(i). In this regard, on or about January 16, 2024, the Governor of New York, as part of the budget proposal to the legislature included certain changes to Article 6 concerning the type of manual worker claims in this case and stated in relevant part:

> 1 In any action instituted in the courts upon
> 2 a wage claim by an employee or the commissioner in which the employee
> 3 prevails, the court shall allow such employee to recover the full amount
> 4 of any underpayment, all reasonable attorney's fees, prejudgment inter-
> 5 est as required under the civil practice law and rules, and, unless the
> 6 employer proves a good faith basis to believe that its underpayment of
> 7 wages was in compliance with the law, an additional amount as liquidated
> 8 damages equal to one hundred percent of the total amount of the wages
> 9 found to be due, except such liquidated damages may be up to three

RA-34

10 hundred percent of the total amount of the wages found to be due for a
11 willful violation of section one hundred ninety-four of this article.
12 **Notwithstanding the provisions of this subdivision, liquidated damages**
13 **shall not be applicable to violations of paragraph a of subdivision one**
14 **of section one hundred ninety-one of this article where the employee was**
15 **paid in accordance with the agreed terms of employment, but not less**
16 **frequently than semi-monthly.**
17 § 2. This act shall take effect on the sixtieth day after it shall
18 have become a law.

29. Although this Court relied on legislative history and materials, it is not clear whether or not the Court took into account the above recent legislative action on any issues herein.

30. Notably, the legislative proposal strongly confirms that Article 6 does provide am expressed private right of action for a violation of the weekly manual worker pay requirements of NYLL § 191 – the proposal only requires a change to the remedies available in such a private right of action and considers the type of manual worker claims herein to be a "wage claim" – because it is undisputed that the wages in question were unpaid for a period after the due date set forth in NYLL § 191(1)(a)(i) – the controlling due date that triggers the violation and cause of action is the weekly due date set by the statute and not any contrary date created by the employer. Here in *Grant*, the Plaintiff alleged, and it is undisputed that Plaintiff's wages were unpaid by the weekly due date set by NYLL § 191 even if those wages were later paid before the commencement of the lawsuit – the other remedies such as liquidated damages and interest were never paid and are being sought in this action, along with attorney's fees and costs.

31. While the proposed legislation recognizes that the manual worker claims herein are wage claims under the existing statute and that the current remedies are liquidated damages, interest, costs and attorney's fees, the proposed change in remedies for these claims will only occur if the proposal becomes law and will only be effective 60 days after it becomes law and the reduction/change in remedies will not apply to the claims in this action. Moreover, the legislature may reject the

8

Governor's proposal and choose to keep the existing remedies sought in this action and may even strengthen and expand the protection and remedies for manual and other workers under NYLL § 191.

32. Like this Court here in *Grant*, the legislative proposal recognizes an express private right of action for the manual worker claims herein but creates a limited form of the payment affirmative defense that is notably more limited than the one created by this Court. As such, it appears that the question is no longer whether a private right of action exists for the subject claims in this action, but what remedies can be obtained in such an action - and the law as is currently written allows recovery of liquidated damages, interest, attorney's fees, costs, etc., for the claims at issue herein. (NYLL § 198).

33. The proposed legislation would provide for all the remedies sought in this action if wages were paid for example at a frequency later than semi-month – liquidated damages, interest, attorney's fees, etc. In addition, and very significantly, the proposed legislation would even allow an expressed right of action to recover interest and attorney's fees where manual worker wages are paid later than weekly even where there is an agreement to pay biweekly – a key distinction between this Court's ruling and the proposal by the Governor which is heavily supported by the business community (who tried to intervene in this case as well) and appears to be the result of efforts by the defense in this case and their allies.

34. In other words, even a proposal that was created and heavily supported by the business community recognizes a private right of action in the existing statute for the claims at issue herein and only seeks to limit the remedies available in the future.

35. Once again, the most recent legislative proposal recognizes the existence of a private right of action for violation of the manual worker weekly pay requirements of the NYLL § 191(1)(a)(i) and the available remedies should be those set forth in the statute – interest, liquidated damages, attorney's fees and costs. In this regard, although the legislature has the power to change the existing law such

as by keeping the express private right of action for the claims herein and limiting the available remedies, this Court does not have the same power and must follow the law and it is currently written – allowing an express private right of action for the claims herein along with recovery of liquidated damages, interest, attorney's fees, costs, etc.

36. It may also be helpful to reiterate that liquidated damages could be eliminated by the trial court where the defense could plead and prove a good faith affirmative defense – there is no reason or good reason put forth why employers who act in bad faith should be given an affirmative defense that conflicts with NYLL, including NYLL § 191(2).

### (C) POINT THREE FOR REARGUMENT: IN THE EVENT THIS COURT REINSTATES THE CLAIMS UPON REARGUMENT, IT SHOULD ALSO ADDRESS THE CLASS ACTION ISSUE

37. In its decision this Court declined to address the class action issues because it upheld the dismissal of the underlying claims. As such, if this Honorable Court reverses on reargument and allows the underlying claims to go forward, it should respectfully also address the class action issues – that liquidated damages under NYLL are now compensatory and not punitive following the 2009/2010 amendments to NYLL, and as such, the class action statute at NY CPLR § 901 et seq does not prohibit a class action to recover liquidated damages in this case.

38. Relatedly, this Court should also address the issue of whether a class action can be maintained in this case to recover interest on the manual worker claims even though that question appears to be settled by the New York Court of Appeals in *Borden v. 400 E. 55th St. Assocs., L.P.*, 24 N.Y.3d 382, 23 N.E.3d 997 (2014).

### III. LEAVE TO APPEAL TO THE NY COURT OF APPEALS SHOULD BE GRANTED

**RA-37**

39. The main grounds for leave to appeal to the NY Court of Appeals is where (22 NYCRR § 500.22(b)(4)):

> the issues are novel or of public importance, present a conflict with prior decisions of this Court, or involve a conflict among the departments of the Appellate Division.

40. The NY Court of Appeals has identified additional grounds for leave to appeal and stated in relevant part as follows (https://www.nycourts.gov/ctappS/forms/civiloutline.pdf – pg. 17):

    a. Address a split in authority among Departments of the Appellate Division.
    b. Construe statutes in developing areas of regulation.
    c. Develop emerging areas of common law.
    d. Reevaluate outmoded precedent.
    e. Correct error below -- incorrect statements of law in a writing by Appellate Division.
    f. Correct error below -- to cure substantial injustice

41. If this Court does not reverse its ruling on reargument, leave to appeal to the New York Court of Appeals is sought as to all issues as set forth below.

    **1. <u>FIRST ISSUE FOR NY COA REVIEW</u>: WHETHER THERE IS A PRIVATE RIGHT OF ACTION UNDER NYLL ARTICLE 6 (NYLL § 198), TO RECOVER LIQUIDATED DAMAGES, INTEREST, ATTORNEY FEES AND COSTS FOR VIOLATIONS OF THE MANUAL WORKER WEEKLY PAY REQUIREMENT SET FORTH IN NYLL § 191(1)(A)(I)**

        **A. LEAVE TO APPEAL SHOULD BE GRANTED BECAUSE THIS COURT'S SPLIT DECISION HERE IN *GRANT* IS IN CONFLICT WITH THE FIRST DEPARTMENT'S DECISION IN *VEGA*, AND HAS THEREFORE CREATED A SPLIT IN THE DEPARTMENTS OF THE APPELLATE DIVISION ON AN IMPORTANT ISSUE OF STATEWIDE IMPACT**

42. As set forth above, the main grounds for leave to appeal to the New York Court of Appeals is a split in the Departments of the Appellate Division. Here, there can be no genuine dispute that there is a profound split in light of the conflicting opinions by the First Department in

**RA-38**

*Vega* and by the Second Department here in *Grant*. There can also be no genuine dispute that the manual worker issue is an important one of statewide impact that implicates millions of dollars in wages and payments and affects millions of employees and their employers throughout New York State. As such, leave to appeal to the New York Court of Appeal should be granted.

43. This Court's decision has created other significant splits that further reinforces the showing above that leave to appeal to the New York Court of Appeals should be granted. In this regard, and in addition to the fact that this Court itself is divided in this case on the issue, this Court's decision here in *Grant* is at odds with almost every federal court to consider the issue. See i.e. *Levy v. Endeavor Air Inc.*, No. 21-CV-4387, (ENV)(JRC), 2022 WL 16645829, at 5 (E.D.N.Y. Nov. 1, 2022)("… since Vega, every court in this Circuit to consider that decision has followed its construction of the New York Labor Law."). This point is even more significant in the context of wage and hour litigation, because most New York wage cases are brought in federal Court along with similar federal claims under the supplemental jurisdiction of federal courts which allow them to handle related state law claims.

     2.   <u>SECOND ISSUE FOR NY COA REVIEW</u>: **WHETHER LIQUIDATED DAMAGES UNDER NYLL § 198 ARE STILL CONSIDERED A PENALTY UNDER CPLR § 901 WHICH PROHIBITS THE RECOVERY OF PENALTIES IN CLASS ACTIONS, FOLLOWING THE 2009/2010 AMENDMENTS TO NYLL § 198 WHICH BROUGHT ITS LIQUIDATED DAMAGES PROVISION IN LINE WITH THE FEDERAL FAIR LABOR STANDARDS ACT ("FLSA") AS THE SECOND CIRCUIT HAS FOUND – UNDER THE FLSA, LIQUIDATED DAMAGES ARE COMPENSATORY AND NOT PUNITIVE**

**RA-39**

**A. LEAVE TO APPEAL SHOULD BE GRANTED BECAUSE THE CLASS ACTION LIQUIDATED DAMAGES ISSUE IS A NOVEL ONE OF FIRST IMPRESSION AND STATEWIDE IMPORTANCE AND IMPACT**

44. One of the reasons for granting leave to the appeal to the New York Court of appeal is where the issue is one of first impression and statewide impact and importance. Here, the question of whether liquidated damages are currently considered a penalty under the class action statute is one of first impression for the New York Court of Appeals since the NYLL was amended in 2009/2010 to change and bring liquidated damages under NYLL in line with liquidated damages under FLSA and to thereby change the liquidated damages sought here from punitive to compensatory. See *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 1146, 107 N.Y.S.3d 286, 288 (2019)("Labor Law § 198(1–a), although not identical to the FLSA liquidated damages provision (29 USC § 216[b] ), has *"no meaningful differences*, and both are designed to deter wage-and-hour violations in a manner calculated to ***compensate the party harmed"*** (Rana v. Islam, 887 F.3d 118, 123 [2d Cir.2018] [internal quotation marks omitted] ). Accordingly, liquidated damages may be available under Labor Law § 198(1–a) to provide a remedy to workers complaining of untimely payment of wages, as well as nonpayment or partial payment of wages.").

45. Moreover, if this Court holds that the liquidated damages sought herein are still punitive and not compensatory such a ruling would in effect create a split with the First Department in *Vega* that found the current purpose of such liquidated damages is to "***compensate the party harmed.***" This split would be another powerful ground to grant leave to appeal to the New York Court of Appeal on the class action liquidated damages issue.

RA-40

3. **THIRD ISSUE FOR NY COA REVIEW: WHETHER INTEREST UNDER NYLL §§ 198, 663 IS CONSIDERED A PENALTY UNDER CPLR § 901 WHICH PROHIBITS THE RECOVERY OF PENALTIES IN CLASS ACTIONS**

A. **LEAVE TO APPEAL SHOULD BE GRANTED BECAUSE IF THIS COURT HOLDS THAT INTEREST SOUGHT IN THIS CASE CANNOT BE RECOVERED UNDER THE CLASS ACTION STATUTE, SUCH A RULING WOULD CREATE A CONFLICT WITH THE NEW YORK COURT OF APPEALS DECISION IN *BORDEN* – THE ISSUE OF CLASS ACTION INTEREST IS ALSO CLOSELY RELATED TO THE ISSUE OF CLASS ACTION LIQUIDATED DAMAGES**

46. Because this Court upheld the dismissal of the underlying claims, it did not answer the question of whether the interest sought herein can be recovered on a class-wide basis pursuant to CPLR § 901 et seq. As the dissenting opinion in *Grant* correctly pointed out, interest can be sought on behalf of the class in this case under the New York Court of Appeals decision in *Borden*. As such, if this Court rules that class action interest cannot be recovered in this case, such a ruling would create a conflict with the New York Court of Appeals decision in *Borden* and such a conflict is a recognized ground for granting leave to appeal to the New York Court of Appeals on this class action issue. Moreover, the class action interest issue is somewhat related to the class action liquidated damages issue - both of which are very important with statewide impact.

**IV. CONCLUSION**

Based on the foregoing, Plaintiff-Appellant Besante Fitzgerald Grant kindly and respectfully requests that this Honorable Court: 1) grant his motion for reargument in its entirety; 2) in the alternative grant his motion for leave to appeal in its entirety; and 3) grant Plaintiff such other, further, and different relief in his favor as the Court deems just and proper.

**Dated: Queens Village, New York**

14

RA-41

**February 15, 2024**

Respectfully submitted,

Abdul K. Hassan, Esq.
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-355-9668
Email: abdul@abdulhassan.com
*Counsel for Plaintiff-Appellant Besante Fitzgerald Grant*