# 24-2111-CV

## United States Court of Appeals

*for the*

## Second Circuit

ADVANCE STORES COMPANY, INC., DBA Advance Auto Parts,

*Petitioner,*

— v. —

HUGH BIRTHWRIGHT, individually and on behalf of himself
and all others similarly situated,

*Respondent.*

*(For Continuation of Caption See Inside Cover)*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

## OPPOSITION TO MOTION TO FILE *AMICUS BRIEF*

BRIAN S. SCHAFFER
JOSEPH A. FITAPELLI
FRANK J. MAZZAFERRO
FITAPELLI & SCHAFFER, LLP
28 Liberty Street, 30th Floor
New York, New York 10005
(212) 300-0375

RAYMOND NARDO
RAYMOND NARDO, P.C.
129 Third Street
Mineola, New York 11501
(516) 248-2121

*Attorneys for Respondent*

CP COUNSEL PRESS    (800) 4-APPEAL • (321000)

THE RETAIL LITIGATION CENTER, INC., CHAMBERS OF COMMERCE
OF THE UNITED STATES OF AMERICA, NATIONAL FEDERATION OF
INDEPENDENT BUSINESS, INC., NATIONAL RETAIL FEDERATION,
RESTAURANT LAW CENTER, NEW YORK STATE RESTAURANT
ASSOCIATION, THE BUSINESS COUNCIL OF NEW YORK
STATE, INC., BUSINESS COUNCIL OF WESTCHESTER,
RETAIL COUNCIL OF NEW YORK STATE,

*Movants.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT .......................................................................1

STANDARD ....................................................................................................2

ARGUMENT ...................................................................................................3

      I.     LEAVE TO FILE AN AMICUS BRIEF SHOULD BE
           DENIED .................................................................................3

CONCLUSION ...............................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Ass'n of Proprietary Colleges v. Duncan*,
  No. 14-CV-8838 LAK, 2015 WL 1649146 (S.D.N.Y. Apr. 8, 2015) ....................5

*Grant v. Lockett*,
  605 F. Supp. 3d 399 (N.D.N.Y.), *reconsideration denied*,
  610 F. Supp. 3d 448 (N.D.N.Y. 2022)....................................................................2

*Hart v. Town of Guilderland*,
  No. 20-CV-475(MAD)(DJS), 2020 WL 8411581 (N.D.N.Y. July 28,
  2020) ................................................................................................................. 3-4

*Hartford Fire Ins. Co. v. Expeditors Int'l of Washington, Inc.*,
  No. 10 CIV. 5643 KBF, 2012 WL 6200958 (S.D.N.Y. Dec. 11, 2012) ..................4

*Kearns v. Cuomo*,
  No. 19-CV-00902 (EAW), 2019 WL 5060623 (W.D.N.Y. Oct. 9, 2019)...... 2, 4, 5

*Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*,
  No. 12-CV-7935 (ALC), 2014 WL 265784 (S.D.N.Y. Jan. 23, 2014) .......... 3, 4, 5

*New York SMSA Ltd. P'ship v. Town of Bedford*,
  No. 21-CV-03742 (PMH), 2022 WL 718641 (S.D.N.Y. Mar. 10, 2022)...............5

*In re Terrorist Attacks on Sept. 11, 2001*,
  Nos. 01-CV-10132(GBD)(SN), 2022 WL 17326181 (S.D.N.Y. Nov. 29,
  2022) ....................................................................................................................4

*Ryan v. Commodity Futures Trading Commission,*
  125 F.3d 1062 (7th Cir. 1997) ..........................................................................2, 3

*S.E.C. v. Bear, Stearns & Co. Inc.*,
  No. 03-CIV-2937(WHP), 2003 WL 22000340 (S.D.N.Y. Aug. 25, 2003).............5

*Soos v. Cuomo*,
  470 F. Supp. 3d 268 (N.D.N.Y. 2020)....................................................................3

*United States v. Gotti*,
  755 F. Supp. 1157 (E.D.N.Y. 1991) ......................................................................4

*United States v. Yaroshenko*,
  86 F. Supp. 3d 289 (S.D.N.Y. 2015) .....................................................................4

**Statutes & Other Authorities:**

Fed. R. App. P. 29................................................................................2

NYLL § 191 .......................................................................................1

NYLL § 191(a)(1) ..............................................................................1

Keshia Clukey, *Century-old New York State Weekly Pay Law Sparking
    Contentious Legal Battle*, NEWSDAY (June 23, 2024).........................5

## PRELIMINARY STATEMENT

The proposed *amicus* represents a set of non-party special interest groups which offer no distinct or unique insight to the issue at bar, but rather complain about how New York Labor Law ("NYLL") § 191 allegedly impairs businesses who fail to comply with the statute.[1] Rather than addressing the elements warranting interlocutory certification, the *amicus curie* brief ("brief") primarily emphasizes enforcement of the statute, which is not germane to this Court's inquiry. As a result, the brief's arguments exceed the scope of the legal issue reviewed by the district court below, to wit, whether there is a private right of action for violations of NYLL § 191(a)(1).

The Court should deny this request as the proposed brief simply regurgitates arguments made by Petitioner, proposes hypotheticals, and fails to offer the Court something different than what the parties have already provided. Without introducing anything novel or unique, the brief will not aid the Court in reaching a determination.

---

[1] On at least two other occasions, these *amici* have offered a substantially similar *amicus curie* brief in pending matters relating to frequency of pay litigation. *See Grant v. Global Aircraft Dispatch, Inc.*, Appx. 1 (denying request to file *amicus curie* brief); *Miner-Vargas v. Wal-Mart Associates, Inc.*, Appx. 2-13 (granting permission to file the *amicus curie* brief, without analysis; denying interlocutory certification of the issue).

1

Moreover, the transparently biased nature of the brief requires denial, since the brief does not provide an objective, neutral or dispassionate review of the pending issue. Rather, the *amicus* take this opportunity to simply dissuade the Court from reaching a decision that disfavors the organizations it represents. The brief lacks concise legal arguments about the issues, electing instead to promote a self-serving narrative to satisfy their ultimate motives -- avoiding employer liability for blatant violations of the NYLL.  The *amicus* exert little effort in trying to persuade the Court that they act as friends of the Court, rather than friends of the Petitioner. As a result, leave to appear *amicus curiae* should be denied in its entirety.

## STANDARD

"*Amicus curiae* is Latin for 'friend of the court'—not 'friend of a party' as noted by Judge Posner in *Ryan v. Commodity Futures Trading Commission*[.]" *Kearns v. Cuomo*, No. 19-CV-00902 (EAW), 2019 WL 5060623, at *4 (W.D.N.Y. Oct. 9, 2019) (quoting 125 F.3d 1062, 1063 (7th Cir. 1997)). "After substantial research, there is no indication that the Second Circuit has ever so much as produced an opinion discussing the standard for granting leave to file an *amicus* brief handed down in Federal Rule of Appellate Procedure 29." *Grant v. Lockett*, 605 F. Supp. 3d 399, 409 (N.D.N.Y.), *reconsideration denied,* 610 F. Supp. 3d 448 (N.D.N.Y. 2022). Courts in this Circuit rely upon a useful litmus test articulated by the Seventh Circuit for when an *amicus* brief is useful:

>An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case ... or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an *amicus curiae* brief should be denied.

*Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12-CV-7935 (ALC), 2014 WL 265784, at *2 (S.D.N.Y. Jan. 23, 2014) (quoting *Ryan,* 125 F.3d at 1063). "The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties. Thus, when those purposes are not served, typically, courts deny motions seeking leave to appear *amicus curiae*." *Soos v. Cuomo*, 470 F. Supp. 3d 268, 284 (N.D.N.Y. 2020).

## ARGUMENT

### I.     LEAVE TO FILE AN AMICUS BRIEF SHOULD BE DENIED

The request to file the proposed brief should be denied for several reasons. First, the brief does not analyze the elements permitting interlocutory certification or address the actual legal issue -- whether there is a private right of action for violations of the timely pay requirements of the NYLL. Rather, the *amicus* present arguments regarding the alleged impact enforcement of the relevant statutes would have on businesses. By failing to address the issues at bar or stay within the scope of the district court's order, the pending request does not benefit this Court's analysis and should be denied. *See Hart v. Town of Guilderland*, No. 20-CV-

3

475(MAD)(DJS), 2020 WL 8411581, at *2 (N.D.N.Y. July 28, 2020) (consideration of an *amicus curie* brief regarding issues "outside the scope of the motion" is improper); *Kearns v. Cuomo*, No. 19-CV-00902(EAW), 2019 WL 5060623, at *7 (W.D.N.Y. Oct. 9, 2019) (rejecting an *amicus curie* brief that sought "…to interject other issues into the mix, this will only unnecessarily complicate the proceedings."); *United States v. Yaroshenko*, 86 F. Supp. 3d 289, 290–91 (S.D.N.Y. 2015).

Second, the brief does not offer "a fresh perspective on an unsettled question of law that the actual parties to the litigation have not fully addressed." *Yaroshenko*, 86 F. Supp. 3d at 290–91. Rather, the arguments raised in the brief are a regurgitation of those made by the Petitioner. Where an *amicus curie* brief cannot "help the court beyond the help that the lawyers for the parties are able to provide," it should be rejected. *Lehman XS Tr., Series 2006-GP2*, 2014 WL 265784, at *2 (citation omitted); *see also, In re Terrorist Attacks on Sept. 11, 2001*, No.es 01-CV-10132(GBD)(SN), 2022 WL 17326181, at *2 (S.D.N.Y. Nov. 29, 2022) (*amicus curie* brief rejected where it did not offer "information or perspective … beyond what the attorneys for the parties have already provided."); *Kearns,* 2019 WL 5060623, at *7 (same); *Hartford Fire Ins. Co. v. Expeditors Int'l of Washington, Inc.*, No. 10 CIV 5643 KBF, 2012 WL 6200958, at *2 (S.D.N.Y. Dec. 11, 2012) (same).

Third, the brief should be rejected as it does not "assist the Court in clarifying issues as an objective, neutral, dispassionate 'friend of the court.'" *United States v. Gotti*, 755 F. Supp. 1157, 1159 (E.D.N.Y. 1991). Indeed, the *amicus* simply echo the

4

scaremongering aspects of Petitioner's brief for no other purpose than to argue that the majority of courts in this Circuit are bad for business.[2] Arguably, the *amicus* seek only to dissuade the Court from reaching a decision that adversely affects the organizations they represent, rather than assisting in resolution of the underlying legal issues. *See S.E.C. v. Bear, Stearns & Co. Inc.*, No. 03-CIV-2937(WHP), 2003 WL 22000340, at *6 (S.D.N.Y. Aug. 25, 2003) (rejecting *amicus* brief where "the movants seek to advance a narrow vision of what the proposed consent judgments should look like to further their potential arbitration claims."); *New York SMSA Ltd. P'ship v. Town of Bedford*, No. 21-CV-03742 (PMH), 2022 WL 718641, at *4 (S.D.N.Y. Mar. 10, 2022) (citation omitted) (rejecting an *amicus* brief where the *amici* had "their own particular interests in the outcome of this litigation and '[c]onferring *amicus* status on such partisan interests is inappropriate.'")

Fourth and finally, the Petitioner is represented by competent counsel, and the *amicus* do not argue otherwise. Courts have rejected *amicus* briefs under similar circumstances. *See Kearns*, 2019 WL 5060623, at *7; *Lehman XS Tr., Series 2006-GP2*, 2014 WL 265784, at *2; *Ass'n of Proprietary Colleges v. Duncan*, No. 14-CV-8838 LAK, 2015 WL 1649146, at *1 (S.D.N.Y. Apr. 8, 2015).

---

[2] By way of example, both Petitioner and the brief cite to the same recent pro-business article. Keshia Clukey, *Century-old New York State Weekly Pay Law Sparking Contentious Legal Battle,* NEWSDAY (June 23, 2024).

**CONCLUSION**

For the foregoing reason, leave to appear *amicus curiae* should be denied in

its entirety.

Dated: August 22, 2024
     New York, New York

                         Respectfully submitted,

                         */s/ Brian S. Schaffer*
                         Brian S. Schaffer

                         **FITAPELLI & SCHAFFER, LLP**
                         Joseph A. Fitapelli
                         Brian S. Schaffer
                         Frank J. Mazzaferro
                         28 Liberty Street, 30th Floor
                         New York, New York 10005
                         Telephone: (212) 300-0375

                         **RAYMOND NARDO, P.C.**
                         Raymond Nardo
                         129 Third Street
                         Mineola, NY 11501
                         Telephone: (516) 248-2121

                         *Attorneys for Respondent*

## CERTIFICATE OF COMPLIANCE

This brief complies with the word limit of Fed. R. App. P. 5(c)(1) because, excluding the portions exempted by Fed. R. App. P. 32(f).

[X] this brief contains 1271 words

[ ] this brief uses monospaced type and contains [ ] lines

This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

[X] this brief has been prepared in a proportionally spaced typeface using Microsoft word in 14-point Times New Roman font; or

[ ] this brief or other document has been prepared in a monospaced typeface using [] or [ ].

Dated: August 22, 2024

Respectfully submitted,

*/s/ Brian S. Schaffer*
Brian S. Schaffer
**FITAPELLI & SCHAFFER, LLP**
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

# APPENDIX  TO OPPOSITION

i

## TABLE OF CONTENTS

**Page**

Decision and Order of the Appellate Division,
  Second Department, dated October 17, 2022 ........  Appx.1

United States District Court, Northern District of
  New York Decision and Order, dated March 23,
  2023 ....................................................................  Appx. 2

Appx.1

FILED: APPELLATE DIVISION — 2ND DEPT 10/24/2022 09:55 AM                2021-03202
NYSCEF DOC. NO. 22                                          RECEIVED NYSCEF: 10/24/2022

# Supreme Court of the State of New York
# Appellate Division: Second Judicial Department

M285416
AFA/

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

_____

2021-03202                                          DECISION & ORDER ON MOTION

Besante Fitzgerald Grant, appellant,
v Global Aircraft Dispatch, Inc., respondent.

(Index No. 720074/2019)

_____

      Appeal from an order of the Supreme Court, Queens County, dated April 20, 2021.
Motion by Retail Litigation Center, Inc., Chamber of Commerce of the United States of America,
National Federation of Independent Business Small Business Legal Center, National Retail
Federation, Restaurant Law Center, New York State Restaurant Association, Business Council of
New York State, Inc. and Business Council of Westchester, for leave to file an amici curiae
brief. Separate motion by Walther Astudillo, Patrick Rankine, and Brittany Glaser for leave to file
an amici curiae brief.

      Upon the papers filed in support of the motions and the papers filed in opposition
thereto, it is

      ORDERED that the motions are denied.

BARROS, J.P., CHAMBERS, DOWLING and WAN, JJ., concur.

      ENTER:

*Maria T. Fasulo*

Maria T. Fasulo
Clerk of the Court

October 17, 2022

GRANT v GLOBAL AIRCRAFT DISPATCH, INC.

Appx.2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MADIGAN MINER-VARGAS, CYNTHIA HAYWOOD,**
**CARLOS COTTO, and ELIJAH TURNER, individually**
**and on behalf of all others similarly situated,**

                                                    **Plaintiffs,**[1]
          **v.**                                                        **1:20-cv-591 (TJM/CFH)**

**WAL-MART ASSOCIATES, INC.,**

                                                    **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


                              **DECISION and ORDER**

**I.      INTRODUCTION**

          Presently before the Court are (1) Defendant Wal-Mart Associates, Inc.'s motion

for the Court to amend its March 24, 2022 Decision and Order, Dkt. 38 ("March 24,

2022 Order")(also reported at _Mabe v. Wal-Mart Assocs., Inc._, No. 1:20-CV-00591,

2022 WL 874311, at *1 (N.D.N.Y. Mar. 24, 2022)),[2] so as to certify that Order for

immediate interlocutory appeal, and to stay further proceedings in this matter pending

that interlocutory appeal's disposition, Dkt. No. 40, and (2) a motion by the Retail

Litigation Center, Inc., the Chamber of Commerce of the United States of America, the

National Federation of Independent Business Small Business Legal Center, the

_____

          [1] Brigette Mabe commenced this putative class action by filing a Complaint on June 1, 2020.  _See_
Compl. Dkt. No. 1. However, Ms. Mabe subsequently passed away and the parties stipulated that
Madigan Miner-Vargas, Cynthia Haywood, Carlos Cotto, and Elijah Turner be substituted in her place as
the plaintiffs herein, which the Court "So Ordered." _See_ Dkt. No. 57.

          [2] The Court presumes familiarity with the March 24, 2022 Order.

                                        1

Appx.3

National Retail Federation, the Restaurant Law Center, the New York State Restaurant Association, the Business Council of New York State, and the Business Council of Westchester (collectively, "*Amici*") for leave to file an attached brief as *amici curiae* in support of Defendant's motion to certify the March 24, 2022 Order for immediate appeal.  Dkt. No. 49. Plaintiffs oppose both motions.  Dkt. Nos. 46, 51.

## II.   BACKGROUND

Brigette Mabe commenced this putative class action seeking to "recover untimely wage compensation and other damages for Plaintiff and similar hourly cashiers, front end associates, stockers, receiving associates, sales associates, and other similar manual labor positions . . . who work or have worked as manual workers" for Defendant Wal-Mart Associates, Inc. from May 29, 2014 to the present.  Compl. ¶¶ 1, 21.  The Complaint asserts two causes of action - a frequency of pay claim (First Cause of Action) and a wage statement claim (Second Cause of Action).  *See generally, id.* After considering Defendant's initial motion pursuant to Fed. R. Civ. P. 12(b)(6), the Court dismissed the Second Cause of Action, but denied the motion with leave to renew as to the First Cause of Action. *See* 03/18/21 Dec. & Ord., Dkt. No. 23 ("March 18, 2021 Order)(also reported at *Mabe v. Wal-Mart Assocs., Inc.*, No. 1:20-cv-00591, 2021 WL 1062566, at *5 (N.D.N.Y. Mar. 18, 2021)).[3]

In the First Cause of Action, Plaintiffs claim that Defendant violated New York Labor Law ("NYLL") § 191(1)(a) by failing to pay them and the putative class members their wages within seven calendar days after the end of the week in which these wages were earned, rather than on a bi-weekly basis.  Compl. ¶ 5; *see also id.* ¶¶ 6, 34-36, 39-

---

[3] The Court presumes familiarity with the March 18, 2021 Order.

42.  Plaintiffs do not allege that Defendant failed to pay them any portion of wages due for their labor or that Defendant wrongfully deducted any portion of their wages. *See generally*, Compl.  The Complaint asserts that "[d]ue to Defendant's violations of [NYLL § 191(1)(a)], Plaintiff[s] and the New York Class are entitled to recover from Defendant the amount of their untimely paid wages as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198." Compl. ¶ 42.

In addressing the initial motion to dismiss, the Court noted that *Vega v. CM & Assocs. Constr. Mgt., LLC*, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (N.Y. App. Div.,1st Dept., 2019), a New York State Supreme Court, Appellate Division case directly on point to the matter raised in the First Cause of Action, ostensibly allowed the claim to go forward. *See* March 18, 2021 Order at 3-14. However, because Defendant raised issues in its Reply Brief that might have called into question whether *Vega* represented New York State law, this aspect of the motion was denied with leave to renew. *Id.*

Defendant renewed its dismissal motion, Dkt. No.  23, relying on its originally filed briefs, *see* Dkt. Nos. 23-5 (Refiled Memorandum of Law in Support of Motion to Dismiss, dated August 14, 2020); 23-6 (Refiled Reply Memorandum of Law in Support of Motion to Dismiss, dated October 1, 2020), but also upon documents showing the legislative history of NYLL §§ 191 & 198, as well as supplemental authority handed down in the interim between the March 18, 2021 Order and the motion.  Defendant argued, *inter alia*, that the New York Court of Appeals' decision in *Konkur v. Utica Academy of Sci. Charter School,* 38 N.Y.3d 38, 165 N.Y.S.3d 1, 2022 WL 397774 (N.Y. Feb. 10, 2022), called into question *Vega's* holding and thus New York law relative to

3

the claim in the First Cause of Action.  After analyzing Defendant's arguments and reviewing *Vega* and *Konkur, see* March 24, 2022 Order at 3-15, the Court stated that it "is not convinced that the New York Court of Appeals would reach conclusions different than those expressed in *Vega*. *Id.* at 15 (citing *DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005)("[R]ulings from [state intermediate appellate courts] are a basis for 'ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'") (quoting *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)).  Thus, the Court found that "under *Vega*, Plaintiff presents a legally plausible claim in the First Cause of Action" and denied Defendant's renewed motion to dismiss this cause of action. *Id.* at 16**.**

III.    **DISCUSSION**

**Standard of Review**

Federal law permits a district court judge to certify that an order "not otherwise appealable . . . [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b) (numbers added).  "[P]roponents of an interlocutory appeal have the burden of showing that all three of the substantive criteria are met."  *In re Facebook, Inc.*, 986 F. Supp.2d 524, 529 (S.D.N.Y. 2014).  Those three criteria "'create a significant hurdle to certification, and the barrier is only elevated by the mandate that section 1292(b) be strictly limited because only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of final judgment."  *Id.* at

Appx.6

529-530 (quoting *McNeil v. Aguilos*, 820 F.Supp.2d 77, 79 (S.D.N.Y. 1993) (internal quotations omitted)).  Ultimately, "'[i]nterlocutory appeals are strongly disfavored in federal practice.'" *Adar Bays, LLC v. Aim Exploration, Inc.*, 310 F.Supp.3d 454, 456 (S.D.N.Y. 2018) (quoting *In re Ambac Fin. Group*, 693 F. Supp.2d 241, 282 (S.D.N.Y. 2010)).  Such appeals are "'not intended as a vehicle to provide early review of difficult rulings in hard cases.'" *Xiang v. Inovalon Holdings, Inc.*, 268 F. Supp.3d 515, 519 (S.D.N.Y. 2017) (quoting *In re Levine*, No. 94-44257, 2004 U.S. Dist. LEXIS 6025, 2004 WL 764709, at *2 (S.D.N.Y. Apr. 9, 2004)).  Further, "even where Section 1292(b)'s requirements are met, 'the certification decision is entirely a matter of discretion for the district court.'" *Caul v. Petco Animal Supplies, Inc.*, No. 20-CV-3534 (RPK/SJB), 2021 WL 6805889, at *1 (E.D.N.Y. Dec. 22, 2021) (quoting *In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 36 (2d Cir. 2014)).

**Analysis**

*Amici*'s motion for leave to file an *amicus* brief, Dkt. No. 49, is granted. However, for reasons discussed below, Defendant's motion for the Court to amend the March 24, 2022 Order to certify that Order for immediate interlocutory appeal, and to stay further proceedings in this matter pending that interlocutory appeal's disposition, Dkt. No. 40, is denied.

Defendant adequately establishes the first and third criterion, but neither Defendant nor *Amici* establish the second criteria.

Substantial ground for difference of opinion exists where there is "genuine doubt as to whether the district court applied the correct legal standard in its order." *Santiago v. Pinello*, 647 F. Supp. 2d 239, 243 (E.D.N.Y. 2009) (citation omitted). But substantial ground for a difference of opinion requires "more than a claim that the court's ruling was wrong." *Mills v. Everest Reinsurance Co.*, 771 F. Supp. 2d 270, 273 (S.D.N.Y. 2009). For example,

5

"[w]here the decision under review is in conflict with other decisions within the same district substantial ground for difference of opinion *may* exist." *In re Facebook, Inc., IPO Secs. & Derivative Litig.*, 986 F. Supp. 2d 524, 540 (S.D.N.Y. 2014) (emphasis added). Ultimately, "[i]t is the duty of the district judge to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." *In re Flor,* 79 F.3d 281, 284 (2d Cir. 1996) (alterations, emphasis, and citation omitted).

*Caul*, 2021 WL 6805889, at *1.

There is no dispute that *Vega* is the only New York State Appellate Division case that addresses the legal issues underpinning the First Cause of Action.[4]  Federal courts in the Second Circuit, as well as New York's Appellate Term, Second Department, have consistently followed *Vega* and ruled that a private right of action exists for NYLL § 191 claims. *See Rodrigue v. Lowe's Home Centers, LLC*, 2021 WL 3848268, at *2, 4-6 (E.D.N.Y. Aug. 27, 2021)(holding a private right of action exists under NYLL § 191 and liquidated damages are the remedy, as reasoned by *Vega*, and noting "[s]ince *Vega*, every court in this Circuit to consider that decision appears to have followed its construction of the New York Labor Law")(collecting cases); *Espinal v. Sephora USA, Inc.*, No. 22-CIV-03034 (PAE/GWG), 2022 WL 16973328, at *8 (S.D.N.Y. Nov. 16, 2022)(examples of such cases following *Vega* "are legion") (collecting cases), *report and recommendation adopted,* 2023 WL 2136392 (S.D.N.Y. Feb. 21, 2023); *Caul v.*

---

[4] As Defendant and *Amici* indicate, the Court incorrectly considered *Phillips v. Max Finkelstein, Inc.*, 73 Misc. 3d 1 (N.Y. App. Term, 2d Dep't 2021) as a decision of the Appellate Division, Second Department, and thus that there was no conflicting authority in New York's appellate divisions as to the application of *Vega* to NYLL §191 claims. *See Mabe*, 2022 WL 874311, at *3. However, the Court also stated that even though there appeared to be no apparent reason to determine how the New York State Court of Appeals would decide the issues addressed in *Vega* because the law was not unsettled, *id.*, the Court proceeded to address whether *Konkur* indicated that the New York Court of Appeals would reach a different conclusion than *Vega.  See id.* at *4-8.  Thus, any error by the Court addressed to *Phillips* was harmless and, as addressed in the text here, does not impact the Court's decision on the instant motion. Further, while *Amici* indicate that "[a]n appeal from a trial court ruling that no private right of action exists for payment-frequency claims is currently pending before the Second Department," Dkt. No. 49-1, at 10, fn. 6 (citing *Grant v. Global Aircraft Dispatch, Inc.*, No. 2021-03202 (N.Y. App. Div. 2d Dep't)), no decision on this appeal has been issued at this time.

Appx.8

*Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at \*2-4

(E.D.N.Y. Sep. 27, 2021)(holding a private right of action exists under NYLL § 191 and

liquidated damages are the remedy, as reasoned by *Vega*) (collecting cases); *Phillips v.*

*Max Finkelstein, Inc.*, 73 Misc. 3d 1, 4 (App. Term. 2021) (recognizing that *Vega* is the

sole Appellate Division decision addressing these issues under NYLL § 191, that *Vega*

would be followed as governing authority, and finding that the Suffolk County Court

erred in dismissing plaintiff's cause of action under NYLL §§ 191 and 198).

 In interpreting state law, a district court "is bound to apply the law as interpreted

by a state's intermediate appellate courts unless there is persuasive evidence that the

state's highest court would reach a different conclusion." *V.S. v. Muhammad*, 595 F.3d

426, 432 (2d Cir. 2010)(citing *Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 134 (2d

Cir. 1999)); *see DiBella*, 403 F.3d at 112 ("Although we are not strictly bound by state

intermediate appellate courts, rulings from such courts are a basis for 'ascertaining state

law which is not to be disregarded by a federal court unless it is convinced by other

persuasive data that the highest court of the state would decide otherwise.'")(quoting

*West*, 311 U.S. at 237). Neither Defendant nor *Amici* have presented persuasive

reasons why this Court should have departed from the myriad decisions that have

followed *Vega* in finding a private right of action to enforce Section 191. *See Gillett v.*

*Zara USA, Inc.*, No. 20 CIV. 3734 (KPF), 2022 WL 3285275, at \*11 (S.D.N.Y. Aug. 10,

2022).  The attack on the reasoning of *Vega* relying on pre-*Vega* decisions does not

indicate to the Court that the New York Court of Appeals would revisit the First

Department's decision in *Vega. See id.* ("Defendants attack the reasoning of *Vega*,

relying exclusively on pre-*Vega* decisions that do not indicate to the Court that the New

York Court of Appeals is poised to revisit the First Department's decision."); *see also Mabe*, 2022 WL 874311, at *3 ("The other trial-level court cases previously cited by Defendant for the proposition that no private right of action exits to recover liquidated damages and other relief because an employer does not comply with NYLL § 191(1)(a) are not persuasive because they predated *Vega*.").

Defendant relied on *Konkur* to convince the Court that the New York Court of Appeals would reject the reasoning of *Vega*, but this Court, as well as several others, rejected that argument. *See Mabe*, 2022 WL 874311, at *7 ("[T]he Court does not read *Konkur* as establishing that the New York Court of Appeals would reject the conclusions reached in *Vega*."); *Georgiou v. Harmon Stores, Inc.*, No. 2:22-CV-02861-BMC, 2023 WL 112805, at *4 (E.D.N.Y. Jan. 5, 2023)("Since the Court of Appeals' decision in *Konkur*, lower federal courts have considered whether *Konkur* abrogated or overruled *sub silencio* the First Department's earlier decision in *Vega*.  All of those lower federal court decisions have answered that question negatively.")(citing, *e.g.*, *Rosario v. Icon Burger Acquisition, LLC*, No. 21-cv-4313, 2022 WL 17553319, at *5 (E.D.N.Y. Dec. 9, 2022); *Rath v. Jo-Ann Stores, LLC*, No. 21-cv-791, 2022 WL 17324842, at *7 (W.D.N.Y. Nov. 29, 2022)); *id.* at * 6;[5] *Elhassa v. Hallmark Aviation Services, L.P.*,

---

[5] The Court wrote in *Georgiou*,

Despite my doubts about the viability of *Vega* in light of *Konkur*, *Konkur* does not rise to the level of "persuasive evidence" that the Court of Appeals would reject *Vega*. *Konkur* addressed an implied cause of action for a different and unrelated provision of the NYLL. To the extent *Konkur* discussed § 191's timely payment provisions, it recognized that the private right of action provided for by § 198(1-a) "must relate to wage claims based upon violations of one or more of the substantive provisions of Labor Law article 6," and specifically cited § 191 as one such substantive provision. *See Konkur*, 38 N.Y.3d at 44, 165 N.Y.S.3d at 6 (citation omitted). I will therefore follow *Vega* to hold that plaintiff has a private right of action under §§ 191 and 198(1-a), at least pending further instruction from the New York State courts.

2023 WL 112805, at *6.

8

Appx.10

No. 21 Civ. 9768 (LJL), 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022) (noting that *Konkur* was not inconsistent with *Vega*'s holding that the NYLL expressly permitted private rights of action for § 191(1)(a)); *Espinal*, 2022 WL 16973328, at *9 ("Although the reasoning of *Konkur* does echo issues raised here, we cannot say that it provides the level of 'persuasive data' that we need to conclude that the Court of Appeals would reject the result in *Vega*.").  Defendant's argument that this Court concluded, after reviewing *Konkur*, that the New York Court of Appeals might reject *Vega*'s holding takes the Court's statement out of context.  In addressing Defendant's argument, the Court wrote in pertinent part:

> [T]he majority in *Konkur* stated:
>
>> As we have made clear, the attorney's fees remedy provided for in section 198(1–a) must relate to "wage claims based upon violations of one or more of the substantive provisions of Labor Law article 6" (*Gottlieb v. Kenneth D. Laub & Co.*, 82 N.Y.2d 457, 459, 605 N.Y.S.2d 213, 626 N.E.2d 29 [1993]). And it is Labor Law § 191 that "generally regulates payment of wages by employers and creates reciprocal rights of employees" (*id.* at 461, 605 N.Y.S.2d 213, 626 N.E.2d 29).
>>
>> *Konkur*, 2022 WL 397774, at *3. This is similar to the *Vega* Court's reasoning that Section 198(1–a) provides a private right of action to recover for Section 191(1)(a) violations. *See Vega*, 175 A.D.3d at 1145, 107 N.Y.S.3d at 287–88.  While the New York Court of Appeals might conclude that Section 191(1)(a) violations are not privately actionable under Section 198(1-a), the Court does not read *Konkur* as establishing that the New York Court of Appeals would reject the conclusions reached in *Vega*.

*Mabe*, 2022 WL 874311, at *7.  The Court clearly stated that it did not read *Konkur* as establishing that the New York Court of Appeals would reject the conclusions reached in *Vega,* and while Defendant challenges the reasoning of *Vega*, it does not provide the Court with any reason to ignore the clear holdings of the Second Circuit and the Supreme Court in *V.S., DiBella* and *West* as they pertain to interpreting state laws

through the rulings of state appellate courts.  Furthermore, the Second Circuit has

recognized in a summary order, at least inferentially, *Vega*'s holding as it applies to

liquidated damages under the NYLL. *See Ramirez v. Lin*, 830 F. App'x 672, 674–75 (2d

Cir. 2020)(Summary Order).[6]

     *Amici*'s arguments do not convince the Court that *Vega* was wrongly decided or

that the New York Court of Appeals would reject the *Vega* holding. Thus, there is on-

point precedent from the First Department supporting the claim made in the First Cause

of Action.  Under *V.S., DiBella* and *West*, the Court is required to follow this precedent

unless the Court is convinced that the New York Court of Appeals would decide the

matter differently – which *Amici* have not established.  Accordingly, contrary to *Amic*'s

argument, there is not a basis to certify this matter for interlocutory appeal. *See* Dkt. No.

---

[6] In *Ramirez*, the Second Circuit stated:

As to damages, we review a district court's damages calculation for clear error, and questions of law de novo. *See Rana v. Islam*, 887 F.3d 118, 121 (2d Cir. 2018). The burden necessary to avoid liquidated damages is a difficult one; "double damages are the norm and single damages the exception." *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008). Under the NYLL, plaintiffs are entitled to liquidated damages if they have been denied overtime "unless the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law." N.Y. Lab. L. § 198(1-a). Though this Circuit has not discussed what constitutes a "good faith basis" under the NYLL, we have interpreted the NYLL liquidated damages provision in accordance with the FLSA's liquidated damages provision, as has at least one New York appellate court. *See, e.g., Tapia v. Blch 3rd Ave. LLC*, 906 F.3d 58, 60 (2d Cir. 2018) ("Absent a showing of good faith, the FLSA provides for liquidated damages equal to unpaid wages and overtime recovered. The NYLL also provides for liquidated damages *on the same terms*, though its damages calculation is different.") (emphasis added); *Rana*, 887 F.3d at 123 ("While the wording of the FLSA and NYLL liquidated damages provisions are not identical, there are no meaningful differences, and both are designed to deter wage-and-hour violations in a manner calculated to compensate the party harmed.") (citation and internal quotation marks omitted); *Vega v. CM & Assoc. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 107 N.Y.S.3d 286, 288 (2019). Under the FLSA, "[t]o establish the requisite subjective good faith, an employer must show that it took active steps to ascertain the dictates of the FLSA and then act to comply with them." *Barfield*, 537 F.3d at 150 (internal quotation marks omitted). We find no reason to differentiate the FLSA from the NYLL as to this standard, and accordingly we apply it.

830 F. App'x at 674–75.

Appx.12

49-1 at 14 ("For all these reasons, the core legal question in this case—whether New York law authorizes the sort of liquidated damages that Plaintiff seeks here—is one that has not been resolved by the Second Circuit or the New York Court of Appeals. The lack of any on-point, controlling precedent makes this issue particularly well-suited for certification to the New York Court of Appeals by the Second Circuit, since trial courts lack that power.").  Likewise, the fact that there may be a large volume of similar lawsuits causing businesses "massive, business-crippling amounts of damages," *id.,* by itself does not convince the Court that there is "genuine doubt as to whether [the Court] applied the correct legal standard in its order." *Santiago*, 647 F. Supp. 2d at 243.

Because neither Defendant nor *Amici* offer "'persuasive evidence that the state's highest court would reach a different conclusion' than the First Department did in *Vega*, the Court is 'bound to apply the law as interpreted by' the intermediate appellate court," *Gillett*, 2022 WL 3285275, at *11 (ciitng *V.S.*, 595 F.3d at 432, in turn citing *Pahuta* v. *Massey-Ferguson, Inc.*, 170 F.3d 125, 134 (2d Cir. 1999)), as this Court did in denying Defendant's motion to dismiss.  Furthermore, and as relevant to the instant motion, Defendant and *Amici* have failed to establish that there are substantial grounds for difference of opinion as to whether NYLL §191 provides a private right of action and whether NYLL § 198 affords liquidated damages for such a violation.  *See Caccavale v. Unisys Corp.*, Docket No. 20-cv-00974 (GRB) (AKT), Minute Entry Dated Feb. 2, 2021 (E.D.N.Y.), Pl. Exh. A, Dkt. No. 46-2 (Denying request for interlocutory appeal because, *inter alia*, there is no "substantial grounds for difference of opinion" as district courts have consistently found "that late payment of wages is a violation of Section 191 of NYLL for which there is a private right of action and [affords] remedies utilizing the

Appx.13

damages provision at Section 198" which provides for liquidated damages.); *Caul*, 2021 WL 6805889, at *1 (Denying motion for interlocutory appeal, and stating "[t]here is not substantial ground for a difference of opinion as to the availability of a private right of action for delayed waged payments under the NYLL. . . . Defendants' motion for certification fails to cite any relevant or persuasive conflicting opinions that raise genuine doubt as to the Court's obligation to follow *Vega*. And defendants have not identified persuasive evidence that the New York Court of Appeals would reach a different conclusion than *Vega*.")(record citation omitted).

## IV.     CONCLUSION

For the reasons discussed above, *Amici*'s motion for leave to file an *amicus* brief, Dkt. No. 49, is **GRANTED**.  Defendant Wal-Mart Associates, Inc.'s motion for the Court to amend its March 24, 2022 Decision and Order so as to certify that Order for immediate interlocutory appeal, and to stay further proceedings in this matter pending that interlocutory appeal's disposition, Dkt. No. 40, is **DENIED**.

**IT IS SO ORDERED.**

Dated:   March 23, 2023

Thomas J. McAvoy
Senior, U.S. District Judge

12