# JacksonLewis

**Jackson Lewis P.C.**
58 South Service Road, Suite 250
Melville NY 11747
(631) 247-0404 Main
(631) 247-0417 Fax
jacksonlewis.com

Direct Dial: (631) 247-4652
Email: JEFFREY.BRECHER@JACKSONLEWIS.COM

November 8, 2024

**VIA ECF**

Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

          Re:    Birthwright v. Advance Stores Company, Inc.
                  d/b/a Advance Auto Parts
                  Case No. 24-02111

Dear Clerk of the Court:

      We represent Defendant-Petitioner, Advance Stores Company, Incorporated ("Defendant") in the above-referenced case (*Birthwright*). In accordance with Federal Rule of Appellate Procedure 28(j), we write to provide supplemental authority in support of Defendant's pending Petition for Interlocutory Appeal, filed pursuant to 28 U.S.C. § 1292(b). This authority supplements pages 1 – 25 of the Petition, Dkt. No. 1.

      In *Birthwright* Judge Gary Brown (E.D.N.Y) granted Defendant's request to certify for interlocutory appeal to this Court the question of whether New York Labor Law § 191 provides for a private right of action for violation of the pay frequency provisions of NYLL § 191 (*i.e.*, paying biweekly instead of weekly), an issue that has divided the New York State appellate courts and federal district courts. *See generally*, Dkt. No. 1. Since the time Defendant filed its Petition, this divide has continued. *See, e.g.*, *Freeland v. Findlay's Tall Timbers Distrib. Ctr., LLC*, 2024 U.S. Dist. LEXIS 199220, at *5 (W.D.N.Y. Nov. 1, 2024) (finding no private right of action and reversing prior ruling allowing a private right of action); *Espinal v. Sephora USA, Inc.*, 2024 U.S. Dist. LEXIS 135372, at *29 (S.D.N.Y. July 31, 2024) (*report and recommendation*) (holding no private right of action); *Espinal v. Sephora USA, Inc.*, 2024 U.S. Dist. LEXIS 170384, at *18 (S.D.N.Y. Sep. 19, 2024) (rejecting the report and recommendation, and holding the NYLL permits a private right of action).

      Additionally, since the time Defendant filed the Petition, two additional district court judges, one in the S.D.N.Y., and the other the N.D.N.Y., have granted motions to certify for interlocutory appeal the very same question that is presented in the Petition here. *See Charles v. United States of Aritzia Inc.*, 1:23-cv-09389 (S.D.N.Y. Oct. 22, 2024); *Bazinett v. Pregis, LLC*, 1:23-cv-790 (N.D.N.Y. Oct. 24, 2024). And the Petitions for interlocutory appeal have now been filed in both cases. *See Bazinett v. Pregis, LLC*, 24-2981 (2d Cir. Nov. 4, 2024) (Dkt No. 1); *Charles v. United States of Aritzia Inc.*, 24-2954 (2d Cir. Nov. 1, 2024) (Dkt. No. 1). Thus, to our

knowledge, there are now three pending Petitions for interlocutory appeal pending before this Court on the same issue.[1]

      Thank you for your consideration.

Respectfully submitted,

JACKSON LEWIS P.C.

*s/Jeffrey Brecher*
JEFFREY W. BRECHER

cc: All Parties via ECF

---

[1] In *Espinal*, the Defendant has also filed a motion to amend the Order denying its motion to dismiss and seeks to certify for interlocutory appeal the issue of whether there is a private right of action for violation of the pay frequency provisions of NYLL §191. *See* Case No. 22-3034 (Dkt No. 106).