E.D.N.Y. – C. Islip
22-cv-593
Brown, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

———————

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand twenty-four.

Present:
    Guido Calabresi,
    Sarah A. L. Merriam,
        *Circuit Judges*,
    Jed S. Rakoff,
        *District Judge*.*

———————

Advance Stores Company, Inc., d/b/a Advance Auto Parts,

    *Petitioner*,

v.  24-2111

Hugh Birthwright, individually and on behalf of himself
and all others similarly situated,

    *Respondent*,

The Retail Litigation Center, Inc., et al.,

    *Movants*.

———————

    Petitioner requests leave to appeal an interlocutory order of the district court, pursuant to 28 U.S.C. §1292(b). Movants seek leave to file a brief as amicus curiae.

———

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Upon due consideration, it is hereby ORDERED that the motion for leave to appeal the interlocutory order is DENIED. "[E]ven if the district judge certifies the order under § 1292(b), the appellant still has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (citations and quotation marks omitted) (superseded by rule on other grounds, as recognized by *Microsoft Corp. v. Baker*, 582 U.S. 23 (2017)). We do not find such exceptional circumstances to be present in this case. Furthermore, we note that a motion is pending in state court, in another matter, for reargument or for leave to appeal to the New York Court of Appeals, addressing the very state law question presented in this matter.

The motion to file a brief as amicus curiae is DENIED, as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court